THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY C. CLEERE, Defendant-Appellant.

(No. 71-41; ▮▮▮▮▮▮▮▮▮▮▮)

Second District—November 4, 1971.

John T. Beynon, Public Defender, of Rockford, (Frank P. Vella, Jr., Assistant Public Defender, of counsel,) for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (Rolland J. Mc-Farland, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Billy C. Cleere, entered a plea of guilty to the charge of burglary on July 16, 1970, and was given three years' probation on August 7, 1970. Thereafter, on September 14, 1970, a petition to vacate that probation was filed. The petition alleged that the defendant, while on probation, had committed the offense of burglary on September 8, 1970. After a hearing on the petition to vacate probation, the trial court found that the defendant had committed the burglary charged, while on probation, and revoked his probation. In aggravation, it appeared that the defendant, aged 24, in addition to the two burglaries hereinbefore mentioned, had been convicted within the prior six-year period of three petty thefts, two drinking offenses, battery, and criminal trespass to a vehicle. The trial court sentenced the defendant to a term not less than one year or more than five years in the state penitentiary.

■■ On appeal, the defendant does not complain of the minimum sentence of one year, but he does ask that the five-year maximum sentence be reduced by this court, as permitted by Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1969, ch. 110A, par. 615). His contention is that the maximum sentence should only be long enough to insure his rehabilitation and that the five-year maximum sentence is in complete conflict with every concept of a proper sentencing. He stresses the importance of the element of rehabilitation and asks that the maximum sentence be reduced to allow

him an earlier parole. In stating the general purposes of sentencing, section 1—2(c) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 1—2) provides for penalties which are proportionate to the seriousness of offenses and which recognize differences in rehabilitation possibilities.

■■ Certain guidelines have now been established in Illinois for reviewing courts when determining whether or not to reduce a sentence. The authority granted to reduce sentences should be exercised with caution as the trial court is normally in a better position than the appellate tribunals to make a sound determination of the punishment to be imposed. (*People v. Taylor*, 33 Ill.2d 417, 424.) In *People v. Bush*, 95 Ill.App.2d 57, 66, the court said that a sentence reduction is not sanctioned unless the sentence is "manifestly excessive or of extreme departure from the underlying rationale for our system of penology." In *People v. Juve*, 106 Ill.App.2d 421, 429, this court, in affirming a sentence for auto theft of not less than two nor more than seven years, held such sentence not excessive and in doing so stated that the trial court did not abuse its discretion in imposing that sentence where it appeared "from the background of the defendant, and the nature of his offenses, that a proper balance between his liberty and the existence of an organized society, which maintains public order, would sustain the propriety of the sentence imposed by the trial court." In *People v. Buell*, 120 Ill.App.2d 367, this court upheld a sentence of 60 to 75 years where a 24-year-old defendant was convicted of arson. The defendant had a long history of arson offenses and very unfavorable psychiatric reports which revealed the defendant to be a danger to both people and property. It was stated at pages 371 and 372:

"In imposing a sentence, the trial court has an obligation to the public as well as to the person found guilty of a crime. In addition, the sentence is significant to the institutional officials in their program of rehabilitation in connection with the incarceration of the convicted person. Thus, in sentencing, the court must consider the punishment warranted under the circumstances of the particular case, the protection of the public, and the potential for rehabilitation of the party being sentenced. The circumstances of the case include the nature of the offense, the attending circumstances, the character and propensities of the offender, his family, work record, past delinquencies, his potential for rehabilitation, and all other pertinent matters."

■■ Here, the defendant does not deny that he committed another theft about a month after he had been granted probation. He appeals for the sole purpose of reducing his maximum sentence of five years. The sentence spread of from one to five years gives the Department of Correction

a desirable latitude to evaluate the rehabilitative effects of incarceration as to this defendant. There are no circumstances which would warrant us to reduce the sentence imposed by the trial court. Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.