**People of the State of Illinois, Plaintiff-Appellee, v. Paul Riojas, Defendant-Appellant.**

**Gen. No. 53,230.**

First District, Second Division.

June 2, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Harold A. Cowen, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John McClory, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Paul Riojas, defendant, had been indicted for murder. On November 1, 1965, he pleaded guilty to voluntary manslaughter and was placed on probation for three years. He later was indicted for aggravated battery and theft, and on December 19, 1967, in a bench trial, was convicted of those charges. The charge of robbery was dismissed.

On April 19, 1968, the defendant appeared in court at a hearing on a rule to show cause why the probation should not be terminated. The trial court found against the defendant and sentenced him to a term of not less than one nor more than ten years in the Illinois State Penitentiary. At the hearing the defendant testified concerning his guilty plea to the manslaughter charge that at that time he had shot one of a gang of boys who had chased him home where they threatened to throw a hand grenade into his apartment where his whole family was present.

He further testified that on May 13, 1967, after he and a friend got into a fight (which he said the friend started), he took the friend's car keys and drove his car several blocks away, leaving the friend lying on the sidewalk. The friend testified that the defendant kicked him while he was lying on the sidewalk, took his car keys and drove his car away. He also stated that when he arrived at the hospital he discovered that $40 was missing from his pocket. He stated that as a result of the fight, he was in the hospital for a week; that he next saw his automobile in front of his house without the keys, but he later got the keys back.

On December 4, 1967, at which time defendant was 19 years old, he and a friend went into a tavern and were ordered to leave for using foul language. When they left, the defendant took a beer bottle with him, and without provocation, hit a bystander on the head with the bottle. The defendant ran, but was apprehended in a backyard. The victim was hospitalized, and the defendant denied hitting him. However, a policeman standing 40 feet away, who witnessed the incident, positively identified the defendant as the one who hit the man with the bottle. The defendant argues that he could not have been the one since the man was hit on the left side of the face and the defendant is left-handed. The police officer's testimony disposes of that question.

At the close of the hearing the defendant's probation was revoked and he was sentenced to the term of not less than one nor more than ten years in the penitentiary. From that judgment order this appeal is taken.

In this court the only argument made by defendant is that the sentence was excessive. His probation officer testified at the hearing that the boy had complied with the rules governing his probation for only one month after he was admitted to probation; that he made no attempt after that to report to the officer, and the officer was unable to get in touch with him. Of course, the failure to report was in itself a violation of the probation.

Counsel for the defense urges that the court was too harsh with the defendant in sentencing him; that the defendant "was married too early, but now has several children and spoke of them in court. No doubt he has a greater sense of responsibility today than he had earlier." However, the defendant testified: "I am now 19. I had two children at the time of probation. The children are now with their mother. I am living apart from my wife." Under these circumstances, it is difficult to see how the defendant had any greater sense of responsibility.

The sentence of the court gives the parole board great latitude. If it determines that the subject has been rehabilitated within a relatively short time it could grant him parole. It is difficult to view the defendant in the instant case as a well-adjusted young man who has had a serious injustice done him. He has committed some serious crimes and has proved to be an unwilling and uncooperative probationer.

■ In People v. Pompey, 53 Ill App2d 118, 203 NE 2d 52, at 132, the court made the following statement:

> "In our opinion, the defendant was proved guilty beyond a reasonable doubt.
>
> "Much has been said in the books about the necessity of a defendant accused of a criminal offense having a fair trial. However, when a crime is committed the person against whom it is committed is the real sufferer. In the trial of a criminal case the State represents the People, including the victim of the crime in question. It cannot be gainsaid that the defendant standing in the dock should be entitled to all the rights protecting his interest with which the law surrounds him, but it is also true that the People represented by the State's Attorney are equally entitled to a fair trial. The scales of justice must be evenly balanced."

We feel that that statement of the court is applicable to the contention raised in this court. Consideration was given the injury done to the victims of the crime and to the People, and the court exercised sound discretion when it sentenced the defendant.

In People v. Taylor, 33 Ill2d 417, 211 NE2d 673, at page 424, the Illinois Supreme Court stated:

> "We believe that under the now applicable statute granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances

warrant . . . , such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigaiton to make a sound determination concerning the punishment to be imposed than do the appellate tribunals."

The judgment of the Circuit Court is affirmed.

Affirmed.

LYONS and BURKE, JJ., concur.