THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN REEVES, Defendant-Appellant.

(No. 55103; )

First District—April 1, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Saul H. Brauner, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Richard Pezzopane, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, John Reeves, was charged with murder. After a jury trial, he was found guilty of that crime and sentenced to the penitentiary for

a term of twenty to forty years. On appeal he contends that the trial court erred in giving a certain instruction to the jury. In the alternative he asks this court to reduce the sentence imposed on him. Because of the nature of the arguments made, only a brief summary of the facts is necessary.

Three eye witnesses testified that without provocation defendant drew a gun and fired three shots killing a sixteen year old boy. The last shot was fired into decedent's back as he attempted to run away. Some angry words preceded the shooting, and the decedent was attempting to mollify defendant just before he was killed. The witnesses also testified that the deceased was unarmed. One police officer testified that he examined the scene of the shooting and found no weapons. Another officer testified that he examined decedent's body at the hospital, and discovered no weapons. The gun used by defendant was not recovered, but an ejector rod for a gun was found on him at the time of his arrest.

Defendant and his wife testified that he was drunk at the time of the shooting. Defendant testified that during the argument, decedent put his hands under his coat. Defendant then started shooting, but did not know that he hit the decedent until later that night.

Defendant contends that the trial court committed reversible error in giving a State's instruction which defined circumstantial evidence( IPI— Criminal 3.02). He maintains that the instruction was improper because none of the evidence offered at trial was circumstantial, and that the jury thus was confused by the instruction.

■■ The instruction on circumstantial evidence was properly given. It clearly reflected evidence introduced during the trial. (*People v. Guido* (1926), 321 Ill. 397, 152 N.E. 149.) Although defendant argues that no circumstantial evidence was offered at trial, an examination of the record plainly reveals the contrary to be true. We cite only two examples of such evidence. The introduction into evidence of the gun ejector rod found on defendant's person and the testimony of the police officers concerning examinations of the scene and of deceased's body at the hospital are both illustrations of circumstantial evidence. Since circumstantial evidence was introduced at trial, the trial court did not err in giving the instruction in question.

Defendant also argues that his sentence of twenty to forty years was excessive, and he asks this court to reduce that sentence.

At the hearing in aggravation and mitigation, it was brought out that defendant was 25 years of age. He had no previous conviction record, was employed and lived with his wife and child.

■■ While this court has the authority to reduce sentences, Supreme Court Rule 615 (b) (4), Ill. Rev. Stat. 1969, ch. 110A, par. 615, our

Supreme Court has stated that this authority should be exercised with considerable caution. (*People v. Taylor* (1965), 33 Ill.2d 417, 211 N.E.2d 673.) We do not believe that this is an appropriate case for the exercise of that authority. Although defendant had no prior criminal record, he was found guilty of cruelly murdering an unarmed sixteen year old boy, who was attempting to flee at the time he was killed. In view of the circumstances and gravity of the offense, we see no reason to reduce the sentence imposed.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.