934

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK LOGAN, Defendant-Appellant.

(No. 70-49;

Third District—June 23, 1971.

John L. Barton, of Defender Project, of Ottawa, for appellant.

Louis Bertani, State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Following a plea of guilty to involuntary manslaughter, defendant Frank Logan was sentenced to a term of from 7 to 20 years. On appeal in this Court, the sole contention presented is that under the circumstances of the offense, the sentence was excessive.

The record discloses that on January 17, 1969, at the time of the plea of guilty, defendant was 22 years of age. No evidence was offered in aggravation or mitigation. It appears that on the afternoon of April 10, 1968, the decedent involved visited a shoeshine parlor looking for defendant. During a talk with the manager of the shoeshine parlor, the decedent displayed a gun. He left but came back later the same day looking for defendant. At that time of the day the defendant walked into the parlor. There was a heated argument between the decedent and the defendant. When defendant walked out, the decedent followed

closely behind with his hand stuck in his right-hand pocket. The argument continued as they were walking out. As they left the shoeshine parlor and headed west defendant whirled and shot decedent in the abdomen.

Following an operation in June of 1968, decedent left the hospital. Later that month he returned to the hospital. He was operated on again on July 8, 1968, and died. The pathologist who examined him found the cause of death to be peritonitis.

Defendant had no record of prior arrests or convictions and, also, there was no evidence of any misconduct by defendant since the arrest. We likewise note that defendant turned himself in to the authorities on the date set for his arraignment.

■■ Although we are aware of the power granted to reviewing courts to reduce sentences imposed by trial courts where circumstances warrant, ordinarily, we feel that the authority should be applied with considerable caution as indicated in the case of *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673. We recognize, however, that there are cases in which a court of review should act. We noted in the case of *People v. Owens*, 73 Ill.App.2d 108, 219 N.E.2d 733, where the court reduced a sentence of from 5 to 10 years, to a sentence of 2 to 4 years, where a sentence was based on voluntary manslaughter, the court felt that the circumstances required that the court of review exercise its power to reduce the punishment imposed on the defendant. (1969 Illinois Revised Statutes, ch. 110A, par. 615 (b) (4) ). Similarly, in the case before us, we believe that the situation of defendant, in view of all the circumstances in the case and the interest of society in rehabilitation, warrants a reduction of sentence. For these reasons, the conviction of defendant is affirmed, and the sentence of 7 to 20 years in the penitentiary is reduced to 3 to 10 years in the penitentiary.

The judgment of the Circuit Court of Will County is, therefore, affirmed with sentence modified to a term of 3 to 10 years.

Judgment affirmed and sentence modified.

STOUDER and SCOTT, JJ., concur.