THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN RAYBON *et al.;* Defendants-Appellants.

(No. 73-10;

Third District—February 1, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Melvin Raybon and Marchell Wren, the defendants, were indicted for the crime of armed robbery. After trial by jury in Will County the defendants were found guilty and the defendant Raybon was sentenced to a term of not less than eight (8) nor more than twenty (20) years in the penitentiary and the defendant Wren was sentenced to the penitentiary for a term of not less than ten (10) nor more than twenty (20) years.

The first issue for review raised by the defendants is that it was a violation of due process of law to preclude the defendants from making a knowing and intelligent plea by misinforming them of the sentence involved.

This issue is predicated upon the fact that the offense with which the defendants were charged occurred on November 7, 1971, and that the penalty for the crime of armed robbery at that time required a minimum sentence of five (5) years and was a non-probationable offense (Ill. Rev. Stat. 1971, ch. 38, sec. 18—2(b), and sec. 117—1(a)) yet the indictments charging the defendants referred to their violating the Illinois Revised Statutes of 1969 which provided for a minimum two (2) year sentence and permitted a grant of probation (Ill. Rev. Stat. 1969, ch. 38, sec. 18—2(b) and sec. 117—1(a)).

The brief filed by the defendants in this appeal states that while a question is raised concerning the effect of information contained in the indictment the validity of the same is not challenged. The gist of the defendants' argument is that if the defendants had been properly informed that the punishment which could be imposed for the crime of armed robbery was five (5) years and a non-probationable offense, rather than a minimum two-year term and the possibility of probation as afforded under the 1969 statute, that the defendants may well have attempted to negotiate a plea or tendered a plea of guilty without negotiations and requested a lenient sentence.

██ In support of this argument the defendants cite the cases of *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, *North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160; and *McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166. In *Boykin* and *McCarthy* the United States Supreme Court was concerned with admonishments given to a defendant who tendered a plea of

guilty. In substance these cases held that a guilty plea which was not knowingly and intelligently made constituted a violation of due process of law. In *Alford* we also have a case where the defendant pleaded guilty and the court was only concerned whether such a plea represented a voluntary and intelligent choice by the defendant from the alternative courses of action open to him. We fail to see the applicability of these cases to the one we are now considering. In the instant case the defendants entered a plea of not guilty, they were provided counsel and a trial on the merits ensued. We agree with the statement of the State that "the stringent restrictions concerning advice prior to a guilty plea are a result of the lack of many safeguards incident to a trial on the merits." The defendants cite other cases and we do not ignore them but note that all of them pertain to pleas of guilty and therefore are not in support of the argument presented. In substance the defendants desire that the doctrine of proper admonishments surrounding pleas of guilty be expanded to cases where pleas of not guilty are entered. There is no theory in any cases cited by the defendants, nor do we know of any cases containing any such theory, that would authorize such an expansion.

In the defendants' brief it is stated:

> "When they (the defendants) looked up the statute set forth in the indictment, they were informed that the minimum penalty involved was two years—when, in truth, it was five years. Furthermore, the 1969 Criminal code incorrectly informed them that their offense was probationable."

After examining the record we fail to find any evidence that would sustain this statement. The record is barren of any evidence to the effect that the defendants were misled. They were represented by counsel, received a complete trial, replete with all preliminary motions. They make no complaint as to the representation they received or of any facet of the trial. We cannot conclude, without any evidence in support of their allegation, that the defendants were misled. It is more reasonable to conclude that the defendants were in fact informed by their counsel as to the changes in the law and that except for the verdict and sentence imposed thereon, the trial was conducted to their satisfaction.

■■ The second and remaining issue is whether the defendants' sentences should be reduced because they offend the principles of indeterminate sentencing. The defendants in their brief filed with the court do not claim that their sentences are excessive in view of their prior convictions, however, they do contend that the spreads between the minimum and maximum terms of imprisonment are such as to violate the principles of indeterminate sentencing. The Unified Code of Corrections classifies the crime of armed robbery as a Class I felony and for this

class the three to one ratio in sentencing is not prescribed by the Code. This court in a prior case reduced the sentence for the crime of rape so that the sentence imposed reflected the three to one ratio. (See *People v. Hood*, 11 Ill.App.3d 329, 296 N.E.2d 393.) However, an examination of the case discloses that the reduction and modification of sentence was primarily the result of mitigating facts and circumstances which appeared in the case. We are also aware of the case of *People v. Field*, 13 Ill.App.3d 74, 299 N.E.2d 754, in which the reviewing court modified a sentence imposed for the crime of murder from 45 to 90 years to 30 to 90 years. We are, however, reluctant to modify a sentence imposed by the trial court unless it appears that the sentence received by a defendant constitutes a great departure from the fundamental law, its spirit and purpose. (See *People v. Taylor*, 33 Ill.App. 417, 211 N.E.2d 673.) We find no such departure in the instant case and since our legislature significantly omitted Class I felonies from the application of the three-to-one sentencing formula we are reluctant to superimpose our judgment on that of the legislature and the trial court.

For the reasons set forth the judgment of the trial court and the sentence imposed thereon is affirmed.

Affirmed.

ALLOY, P. J., and DIXON, J., concur.