THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD SCOTT, Defendant-Appellant.

(No. 12601;

Fourth District—November 21, 1974.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (Kai A. Wallis, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Richard Scott, appeals from his conviction for the offense of indecent liberties with a child and from a sentence imposed of 10 to 30 years' imprisonment. The only issue raised before this court is whether the trial court abused its discretion in imposing the minimum sentence.

On August 15, 1973, defendant was indicted for one count of aggravated incest and two counts of indecent liberties with a child. On October 19, 1973, defendant entered a plea of guilty to all three counts. The factual basis for the plea presented by the State indicates that defendant entered the bedroom of Debra Scott, his 12-year-old daughter, placed her on the bed, removed her underpants, fondled her vagina, and inserted his penis into her vagina. Defendant admitted the offenses as charged. The trial court then entered judgments on all three counts. On December 13, 1973, a sentencing hearing was held. The 44-year-old defendant testified that he had been employed for 9 years. He further stated that he had learned his lesson, that he would not attempt to commit similar acts in the future, and that he would seek professional advice should it be so ordered by the court. Defendant admitted that in 1957 he was arrested (but not convicted) for fondling a little girl and had to seek psychiatric help. He further admitted that for the last 4 years he had on numerous instances engaged in similar acts with his 12-year-old daughter. The State then recommended a sentence of 20 to 60 years. The presentence report indicates that defendant had no prior criminal record, had been honorably discharged from the Navy, had been active in his church, had completed high school, and had a successful prior employment record. The report also indicated that defendant had been married since 1954 and had 7 children, 6 of whom were placed in foster homes in 1973 for neglect. The trial court then sentenced defendant to 10 to 30 years on Count II of the indictment for the offense of indecent liberties.

■■ It is contended that the trial court abused its discretion in imposing a 10-year minimum sentence. We do not agree. Under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*) indecent liberties with a child is a Class 1 felony with a 4-year minimum term "unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." (Par. 1005—8—1(c)(2).) The nature and circumstances of the present offenses are too heinous to warrant repeating. Obviously, the trial court considered these facts in imposing sentence. Furthermore, defendant *admitted* at the sentencing hearing that he had engaged in similar acts with his 12-year-old daughter for a period of 4 years. Defendant also *admitted* fondling a little girl in 1957 and receiving psychiatric treatment for his problem. The professional treatment was clearly unsuccessful. We further note that the sentence imposed is within statutory limits.

■■ The trial court that hears the evidence in aggravation and mitigation is generally in a better position to make a sound determination in regard to sentencing than is this court, and considerable caution should

be exercised in disturbing a sentence upon appeal. (*People v. Caldwell,* 39 Ill.2d 346, 236 N.E.2d 706; *People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) We do not find that the trial court abused its discretion in the present case in imposing a 10-year minimum sentence, nor do we believe that penalty to be disproportionate to the seriousness of the offense.

Accordingly, for the reasons stated above the sentence imposed by the circuit court of Vermilion County is hereby affirmed.

Sentence affirmed.

SMITH, P. J., and TRAPP, J., concur.