The People of the State of Illinois, Plaintiff-Appellee, *v.* Clarence E. Buckner, Defendant-Appellant.

(No. 12625; )

Fourth District—November 21, 1974.

Richard J. Wilson and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Kai A. Wallis, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Clarence E. Buckner, appeals from his conviction for the offense of burglary and from a sentence imposed of 2 to 6 years' imprisonment. The sole issue before this court is whether the minimum sentence is excessive.

On January 10, 1974, defendant was found guilty following a bench trial. The evidence adduced at the trial established that defendant was unarmed and entered an unoccupied tavern in the early morning hours. Defendant was apprehended inside the tavern. A sentencing hearing was held on February 20, 1974. The presentence report indicated that this 23-year-old defendant had been convicted of burglary and theft in Missouri in 1971. The State recommended a 4-year minimum based on defendant's prior burglary conviction. The trial court then imposed a 2- to 6-year term of imprisonment.

■■ Defendant contends that the trial court abused its discretion in imposing a 2-year minimum. We do not agree. Under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001-1-1 *et seq.*) burglary is a Class 2 felony with a 1-year minimum "unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." (Par. 1005—8—1(c)(3).) The record here indicates that defendant had been convicted of burglary in 1971. Furthermore, the trial court heard the evidence adduced at the trial and at the hearing on aggravation and mitigation and is certainly in a better position to make a sound determination in regard to sentencing than is this court. (See *People v. Caldwell*, 39 Ill.2d 346, 236 N.E.2d 706; *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) We hold that the trial court clearly did not abuse its discretion in imposing the 2-year minimum sentence.

Accordingly, for the reasons stated above the sentence imposed by the circuit court of Adams County is hereby affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.