THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID STUTZ, Defendant-Appellant.

(No. 12400-01 cons.;

Fourth District—March 20, 1975.

John F. McNichols and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville, and John W. Foltz, of Circuit Attorneys Project, of Bloomington, for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, David Powell Stutz, appeals from two convictions, one by jury trial (Gen. No. 12400) and one by guilty plea (Gen. No. 12401) for the offense of burglary and from concurrent sentences imposed of 3 to 9 and 4 to 12 years' imprisonment. These cases have been consolidated for purposes of appeal.

The following issues have been raised before this court: (1) Whether the jury was properly instructed on the elements of the offense of burglary, (2) whether defendant pled guilty in Gen. No. 12401 only because of his conviction in Gen. No. 12400, and (3) whether defendant's sentence is excessive.

On January 8, 1973, defendant was indicted for the offense of burglary in that he "knowingly and without authority entered into the building of Dr. Saul Lipton at 103 West Harrison Street, Danville, Illinois, with the intent therein to commit a theft * * *." On February 21, 1973, a jury trial was held and the following evidence was adduced: Dr. Saul Lipton testified that on October 15, 1972, he went to his office at the request of the police and noticed that his office had been broken into and was in disarray. He stated that he had given no one permission to enter his office, and that nothing was taken from the office. He further

stated that in the building there are a number of other apartments and a common hallway. Officer Sloan testified that he responded to the burglary, searched the premises, and observed defendant coming out of an alley carrying a trash can with bags stacked on top. He testified that defendant stated to him, "I haven't did anything. I haven't been in any doctor's office. I've been to a friend's house * * *." He stated that defendant was then arrested for the burglary. Officer Cofield substantially verified the testimony of Officer Sloan. Richard Brown testified that on the evening in question he and defendant went to an apartment building on Harrison Street and entered a doctor's office therein to look for drugs. He stated that after hearing the police outside, they went out the back of the office. He stated that they were at Dr. Lipton's office twice on the evening in question. He further stated that he had pleaded guilty to the burglary, but had not yet been sentenced. Officer Dickens testified that he observed defendant in a common hallway of the building.

Defendant testified that he was riding with Brown on the evening in question when Brown drove into a carport behind Dr. Lipton's office. He stated that Brown then left the car telling him to wait while he visited someone. He stated that Brown returned 15 or 20 minutes later acting as if he had been unable to find whomever he had been looking for. The two then drove around, and Brown again returned to the same garage and again left the car. He stated that when Brown didn't return in 25 or 30 minutes, he went into the apartments to look for him. He stated that he panicked when he saw the police and picked up some trash in order to act like a tenant. He further stated that he was never in Dr. Lipton's office, and that he did not enter the building intending to steal anything.

The jury returned a verdict finding defendant guilty of the burglary. A sentencing hearing was held on July 11, 1973, and at the hearing defendant indicated that he wished to plead guilty to another burglary (Gen. No. 12401). The trial court proceeded to admonish defendant regarding that charge and accepted his plea. The trial court then continued the hearing and sentenced defendant to concurrent sentences of 3 to 9 years' imprisonment in Gen. No. 12400 and 4 to 12 years' in Gen. No. 12401.

■■ Defendant first contends that the trial court erred in giving People's Instruction 14. That instruction reads in pertinent part as follows:

> "To sustain the charge of burglary, the State must prove the following propositions:
>
> That the defendant knowingly entered a building or any part thereof; and

That the defendant did so without authority; and

That the defendant did so with intent to commit the crime of theft * * *."

Defense counsel objected to the instruction and stated:

"Mr. Meeker: I would state, Your Honor, that I believe that the first issue in the list that reads, 'that the defendant knowingly entered a building or any part thereof,' is not sufficient in this case because the way it is written the jury could find that he entered the hallway, maybe intended to commit a theft by going further and therefore he's guilty even though he backed out before he ever went into a common area, and the offense is the same objection we made to the indictment. The indictment has to specify in Lipton's office or he could be found guilty on two or three factual situations."

This objection was overruled by the court and the instruction was given to the jury. Defendant argues before this court that the jury was misled by this instruction into believing that the State had only to prove that the defendant entered any part of the building containing Dr. Lipton's office with intent to commit a theft, and not just the office itself. The instruction is in the exact wording of IPI Criminal No. 14.06 and substantially paraphrases the statutory definition of burglary (Ill. Rev. Stat. 1973, ch. 38, par. 19—1). Furthermore, the indictment charged the burglary of the Lipton building, and the proof clearly established that defendant did, in fact, enter the Lipton office. Under these circumstances the jury could not have been misled and the giving of the instruction was not error.

██ It is next contended that defendant pled guilty in Gen. No. 12401 only because he was found guilty in Gen. No. 12400. We do not agree. At the sentencing hearing defendant indicated that he wished to plead guilty to another burglary. During the course of accepting the guilty plea the court stated:

"Q. You understand that you are pleading to this charge while awaiting sentence on another charge?

A. Yes, sir.

Q. And you know that you would have a right under any circumstances to take your sentence on the charge we were discussing previously and the State would still have the responsibility to bring you back and try you on the charge you are now asking to plead to? Your rights are the same. You have no requirement or obligation of any type to plead to this additional charge.

A. I understand.

Q. You understand further further [*sic*] that if you plead to this additional charge you will be sentenced on this charge as a separate charge.

A. Yes, sir."

The trial court proceeded to fully comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) in accepting defendant's guilty plea to Gen. No. 12401. Hence, not only is there compliance with the Rule, but defendant expressly stated that he understood that he had no obligation of any type to plead guilty to the additional charge. Defendant's contentions to the contrary are not supported by the record.

 Defendant also urges that his concurrent sentences of 3 to 9 and 4 to 12 years' imprisonment are excessive. We do not agree. It is well established that the trial court is in a better position to impose sentence than is this court. (*People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) This discretion vested in the trial court was not abused in the instant case. The sentence imposed is within statutory limits and complies with the one-third of the maximum requirement of the Unified Code. Furthermore, the presentence report indicates that this 19-year-old defendant had numerous prior convictions and was on probation when one of the present offenses occurred.

Accordingly, the judgments and sentences imposed by the circuit court of Vermilion County are hereby affirmed.

Judgments affirmed.

CRAVEN and TRAPP, JJ., concur.