THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY PADO, Defendant-Appellant.

(No. 74-246;

Fifth District—June 5, 1975.

Paul Bradley and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Timothy Pado, defendant-appellant, appeals from a judgment entered by the circuit court of St. Clair County on his negotiated plea of guilty to the offense of burglary. The court sentenced the defendant to 2 to 6 years in the penitentiary. The sole issue raised on appeal is whether the court imposed an excessive sentence.

The defendant, age 20, and three codefendants broke into a school after hours and took foodstuff and musical instruments. Upon apprehension by the police the accused confessed his crime. Pursuant to plea negotiations, he later admitted the offense in open court. As agreed, the State dropped a pending burglary charge and recommended a 2- to 6-

year term. The defendant was sentenced in accordance with the agreement. He waived a presentence report.

The defendant contends that his sentence was excessive.

In reviewing the sentence imposed by the trial court, the appellate court is to determine whether the trial court exercised proper discretion in imposing sentence. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673; *People v. White*, 22 Ill.App.3d 180, 317 N.E.2d 323.) The sentence imposed in the instant case was entered in accordance with a plea agreement. The defendant received what he bargained for. The offense was serious, a Class 2 felony. Only a few months had elapsed since the defendant had been placed on probation for two prior forgery convictions. For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

EBERSPACHER and G. MORAN, JJ., concur.