THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY RADFORD, Defendant-Appellant.

(No. 74-272;

Fifth District—July 11, 1975.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (James W. Jerz and Robert L. Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Ricky Radford, from a judgment entered by the circuit court of St. Clair County on the defendant's negotiated plea of guilty to armed robbery and the sentence of 4 to 12 years imposed thereunder. Defendant had been indicted for rape and armed robbery, and in exchange for the plea of guilty to armed robbery, the State agreed to drop the rape charge and recommend a 4- to 12-year term.

On December 30, 1974, counsel for the defendant filed a brief in this court raising the following issues:

"1. Whether the trial court committed reversible error when it accepted the defendant's plea of guilty that was made neither knowingly nor understandingly because:

(A) The trial court erroneously advised the defendant that a four to twelve year term of imprisonment was the minimum penalty permissible under Illinois law upon conviction of armed robbery, a Class 1 Felony?

(B) The trial court failed to inform the defendant of the mandatory parole term prior to accepting his plea?

2. Whether the error committed by the circuit court concerning its interpretation of the statutory provisions regarding maximum penalties for Class 1 Felonies requires a remand for the purpose of resentencing the defendant?"

On January 13, 1975, counsel for the defendant filed in this court a pleading encaptioned "Waiver of Issue Presented in Appellant's Brief." Therein the defendant respectfully requested that "This Honorable Court not address itself to the voluntariness of the defendant's plea, but that the Court limit appellate review to the issue of improper sentencing." Attached to this waiver was an affidavit signed by the defendant.

Thus, the only issue before this court is the propriety of the sentence imposed upon the defendant by the trial court. The trial court sentenced the defendant to 4 to 12 years' imprisonment for the offense of armed robbery. Since the 4-year minimum sentence was the lowest sentence which could have been imposed for armed robbery (Ill. Rev. Stat. 1971, ch. 38, pars. 18—2, 1005—8—1), we need only determine if the maximum sentence of 12 years was excessive.

The standard of review in cases in which the sentence imposed is within statutory limits is whether the trial court exercised proper discretion in imposing sentence. (*People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673; *People v. Rednour,* 24 Ill.App.3d 1072, 322 N.E.2d 492.) The defendant in the instant case invaded the victim's home to accomplish the crime. The factual basis of his guilty plea also showed an alleged rape and an act of oral sexual contact. The defendant's prior record includes a special court martial for striking a German citizen. For this offense, the defendant was sentenced to 11 months in the brig. At the time of the present offense, the accused had been absent without leave from the Army for more than 10 months. In addition, the defendant has a prior misdemeanor conviction. In view of the circumstances and seriousness of this offense and the defendant's history and character, we see no reason to reduce the maximum sentence imposed by the trial court.

The judgment of the circuit court of St. Clair County entered upon the defendant's plea of guilty and sentence imposed thereunder is affirmed.

Affirmed.

JONES, P. J., and CARTER, J., concur.