THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GILBERT RIVERA, Defendant-Appellant.

(No. 60512;

First District (4th Division)—September 24, 1975.

*Rehearing denied October 15, 1975.*

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek and Judith A. Stewart, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Marcia B. Orr, and Michael J. Goggin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant-appellant, Gilbert Rivera, hereinafter referred to as defendant, was tried before a jury and convicted of murdering one Francis Chuck Madsen. Defendant was sentenced to a term of 20 to 60 years' imprisonment. His appeal raises the following arguments:

> (1) The trial court erred in admitting into evidence a photograph of the victim;
>
> (2) The prosecutor's conduct and the court's rulings thereon denied the defendant a fair trial;
>
> (3) The evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt; and
>
> (4) The sentence of 20 to 60 years imprisonment was excessive.

On November 25, 1972, Francis Chuck Madsen was stabbed to death by the defendant in a Chicago tavern. Margaret Bura, Raphael Colon,

Carlos Flores, and Ishmael Claudio, were in the tavern at the time of the stabbing. Colon, Flores, and Bura testified at the trial.

Colon, the only witness to the whole occurrence, testified that Madsen was seated at the bar. Defendant walked in with another man, ordered a drink, and walked over to Madsen. He raised his left hand and Madsen raised his hands to cover himself. Defendant then stabbed Madsen in the stomach with a knife held in defendant's right hand. Colon testified that Madsen was unarmed and made no attempt to strike the defendant. Colon further testified that Madsen, having been stabbed, screamed, walked away from the defendant, grabbed a bar stool, and said, "Man, I never do nothing to you." Madsen then put the bar stool down, asked Bura to call an ambulance and fell onto the floor.

Neither Flores nor Bura actually saw the stabbing. However, Flores did see Madsen pick up a bar stool. Flores also saw defendant hold a knife and ask Madsen if he "wanted some more." Margaret Bura was bartending and watching television when she noticed the victim pick up a bar stool and tell the defendant, "I never done nothing to you."

■■ Defendant contends that it was error to admit into evidence People's Exhibit No. 1, which was a photograph of the victim taken at the morgue. Defendant argues that the trial court abused its discretion in admitting into evidence a prejudicial and inflammatory photograph when it had no probative value.

" 'Where photographs are relevant to establish any fact in issue * * * they are admissible in spite of the fact that they may be of a gruesome nature.' " (*People v. Henenberg* (1973), 55 Ill.2d 5, 13, 302 N.E.2d 27, 31; *People v. Speck* (1968), 41 Ill.2d 177, 242 N.E.2d 208; *People v. Jenko* (1951), 410 Ill. 478, 102 N.E.2d 783.) In *People v. Dee* (1975), 26 Ill. App.3d 691, 325 N.E.2d 336, a photograph of the victim's body with a claw hammer embedded in the back of the skull demonstrated the most likely cause of death and had probative value in its depiction of the amount and manner in which the victim's blood had been splattered about the immediate area.

The photograph in the instant case depicts one stab wound in the victim's abdomen. The jury had already heard testimony bearing upon the actual stabbing and the defendant's claim of self-defense. We are of the opinion that the photograph's probative value outweighs any inflammatory affect it may have had upon the jury. It was not error for the court to admit this exhibit.

Defendant raises numerous contentions that the prosecutor's conduct and the court's rulings thereon denied him a fair trial. Defendant relies on *People v. Nuccio* (1969), 43 Ill.2d 375, 253 N.E.2d 353, to show error in the prosecution's inferences of defendant's violent character. In *Nuccio*,

the prosecution persisted through cross-examination to make unsupported insinuations which could have seriously impeached the credibility of the defendant and his witnesses. In the case at bar, Colon and Bura were asked to explain the inconsistencies between their statements to the police and their trial testimony. Colon told the police he did not see the stabbing. Bura told the police she was in the back room at the time of the occurrence. Both testified that they were afraid of the defendant and did not know Madsen had died at the time of their statements to the police. The prosecutor attempted to rehabilitate his witnesses on redirect examination and to allow them to explain their prior inconsistent statements. The prosecution's line of questioning does not amount to the unsupported insinuations exhibited in *Nuccio.*

■■ Defendant insists that the court erred in allowing the prosecution to bring out prior consistent statements from Colon and Bura. He relies on *People v. DePoy* (1968), 40 Ill.2d 433, 240 N.E.2d 616, where the supreme court held it was improper to allow the State to read into evidence a prior consistent statement made ten days subsequent to the inconsistent statement. In the instant case, the defense questioned the possibility of a license revocation for the tavern and set the stage for Bura's motive to falsify her statement. While it was improper for the prosecution to bring out prior consistent statements by both Colon and Bura, defendant did not object at trial to Colon's testimony as to his prior consistent statement. Furthermore, Bura's testimony was in response to the defense counsel's suggestion of a motive to falsify. Evidence of a prior consistent statement is admissible to rebut an inference of a motive to falsify when that statement was made before the motive came into existence or before the time of the alleged fabrication. (*People v. Clark* (1972), 52 Ill.2d 374, 288 N.E.2d 363; *Lyon v. Oliver* (1925), 316 Ill. 292, 147 N.E. 251; Cleary, Handbook of Illinois Evidence § 9.12 (2d ed. 1963).) Any motive to falsify that existed at the time of trial would have existed at the time of the prior consistent statements on November 26, 1972. The prior consistent statements of Bura and Colon coupled with the witnesses' statements that they feared the defendant were taken by the trier of fact to sufficiently or insufficiently explain their prior inconsistent statements. We are of the opinion that the trial court's admission of these witnesses' prior consistent statements did not amount to reversible error.

Defendant asserts that the trial court erred at numerous times in refusing to limit the prosecution's closing argument to the evidence.

■■ Defendant maintains that the prosecutor wrongly argued there was not evidence of any aggression by the victim. Defendant's own testimony states only that the victim picked up the bar stool. The prosecutor in-

troduced a statement of the defendant taken the day after the stabbing where the defendant stated that the victim "picked up a chair to hit me with and I stabbed him." Colon testified that the victim picked up the bar stool after he was stabbed. Two other witnesses did not contradict Colon's testimony. We are of the opinion it was harmless error for the prosecutor to insinuate there was no evidence of any aggression by the victim.

■■ Defendant insists that the court erred in allowing the prosecutor to state that the defendant admitted his part in the crime. The defendant only admitted the stabbing and claimed justifiable self-defense. This court believes that the reference to the defendant's admission of the crime was harmless error in view of the defendant's admission of the stabbing and the jury instruction on self-defense.

■■ Defendant contends it was error for the prosecutor to define and minimize his burden of proof. The trial court sustained defendant's objection to the prosecutor's discussion of a reasonable doubt. We have examined the record and do not believe that the prosecutor ever defined reasonable doubt, either before or after the timely objection of defense counsel. Therefore, defendant was not prejudiced by any minimizing of the burden of proof.

■■ Defendant claims that the prosecutor erroneously implied that defense counsel distorted the facts. The prosecutor answered defense counsel's summary of observations as to what the evidence consisted of. Further, there was no testimony that Madsen said he was going to hit the defendant with the bar stool. There was no evidence that the witnesses' testimony was given to protect the liquor license of the tavern. Therefore, we are of the opinion that the prosecution did not imply that the defense counsel distorted or misstated the facts. The prosecution merely answered defense counsel's observations.

■■ Defendant asserts that it was improper for the prosecution to argue motive when an instruction was given that the State is not required to prove a motive for the commission of the crime charged. The prosecutor argued that the defendant knew he went into the tavern to get Madsen, that he stabbed him because he had a grudge against him. Even if the State has argued the existence of a motive, because the State is not required to prove motive, a motive instruction should not be given to the jury. (*People v. Enright* (1912), 256 Ill. 221, 99 N.E. 936.) However, such error may be harmless in view of the overwhelming evidence against the defendant. (*People v. Manzella* (1973), 56 Ill.2d 187, 306 N.E.2d 16.) In the case at bar, the evidence against the defendant was overwhelming. We hold therefore that it was harmless error to argue motive

in light of the jury instruction that the State need not prove a motive for the crime charged.

Defendant maintains that the prosecutor's arguments concerning the size of the bar and the witnesses' prior inconsistent statements were not based on the evidence. We believe defendant's allegations are not what they purport to be. The trial court admitted into evidence People's Exhibit No. 2, a photograph of the tavern depicting the size of the bar. The photographs and testimony concerning the photograph served as a basis for the prosecutor's comments on the size of the bar. The prosecutor did not deny that the witnesses made any prior inconsistent statements. He argued that defense counsel did not bring out the differences in the witnesses' prior inconsistent statements. The record further shows that no instruction on prior inconsistent statements was offered. A defendant may not assign as error the failure of the trial court to give an instruction unless it was tendered. *People v. Springs* (1972), 51 Ill.2d 418, 283 N.E.2d 225.

■■ Defendant argues that he was not proven guilty of murder beyond a reasonable doubt. In *People v. West* (1971), 3 Ill.App.3d 106, 278 N.E.2d 233, discrepancies in the testimony of prosecution witnesses which are immaterial when considered in relation to the essentials of the crime alleged were held to be a matter for the trial court's determination. Minor discrepancies and inconsistencies will at most affect the credibility of the witnesses. (*People v. Jordan* (1967), 87 Ill.App.2d 338, 231 N.E.2d 630.) In the instant case, Raphael Colon was the only witness to the entire occurrence. He testified that Madsen, having been stabbed, screamed, walked away from the defendant, and picked up the bar stool. Flores testified that he did not see the stabbing, but heard a noise as the deceased knocked over a few bar stools and then picked up a bar stool. Bura testified that she saw both Madsen and the defendant raise their hands, that Madsen ran toward the end of the bar, picked up a bar stool, dropped it, moved toward Bura, asked her to call an ambulance, and slumped to the floor. Defendant testified that he argued with Madsen, that Madsen picked up a bar stool, that he stabbed Madsen, left the tavern, and went home.

This court is of the opinion that any inconsistencies or contradictions in Colon's testimony were matters to be considered by the trier of fact. The testimony of Flores and Bura corroborated that of Colon as to the essentials of the crime. Therefore, this court will not overturn the trial court on the question of reasonable doubt.

■■ Defendant next maintains that the sentence of 20 to 60 years' imprisonment was excessive in that the trial judge did not indicate which

circumstances called for a higher minimum. The defendant had a prior conviction for aggravated battery. Furthermore, the circumstances surrounding the crime indicate that the defendant walked into the tavern, ordered a drink, and stabbed the victim for no apparent reason. Under the Unified Code of Corrections the trial judge may set a higher minimum term "having regard to the nature and circumstances of the offense and the history and character of the defendant." (Ill. Rev. Stat. (1973), ch. 38, par. 1005—8—1(c)(1).) The trial judge was in a position to consider such factors arising in the course of trial and at the presentence investigation in imposing the sentence. (*People v. Morgan* (1974), 59 Ill.2d 276, 319 N.E.2d 764; *People v. Taylor* (1965), 33 Ill.2d 417, 211 N.E.2d 673.) Therefore, we do not believe that under the circumstances of this case this court should disturb the sentence imposed by the trial court.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.