THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDREW BURDINE *et al.*, Defendants-Appellants.

First District (1st Division)   Nos. 79-1000, 79-1218 cons.

Opinion filed March 31, 1980.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and Thomas J. Leanse, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendants Andrew Burdine and Jerrico Smalley were convicted of attempt murder and armed robbery. After a jury trial they were each sentenced to serve two concurrent terms of 60 to 100 years in the State penitentiary. On appeal, their attempt murder convictions were reversed and remanded. On remand the State nol-prossed the attempt murder charges and defendants were resentenced on their armed robbery convictions. They were again sentenced to serve 60 to 100 years. Defendants appeal.

On appeal, defendants argue that the trial court improperly considered the attempt murder convictions, which had been reversed, when resentencing them on the armed robbery convictions.

We affirm.

The facts are not disputed. The complainant, Willie McDougle, testified that shortly before 5 a.m. on September 29, 1974, he received a radio dispatch directing him to drive his taxi to 7019 South Green, Chicago. There he picked up two passengers later identified as defendants. After driving them to their destination, McDougle announced that the fare was $1.80, whereupon Smalley handed him $2. McDougle returned the change in a cup beneath a protective shield, which divided the front and back seats. Smalley testified that he dropped the change as McDougle handed it to him. As Burdine began searching for the change, Smalley alighted from the cab, opened the passenger door and announced "This is a stick-up." At the same time, Burdine produced a sawed-off shotgun and pointed it at McDougle. Smalley then reentered the cab.

Defendants ordered McDougle to drive into an alley. After they pulled into an alley, Smalley who was seated in the front passenger seat, turned off the ignition and took the key. Smalley then ordered McDougle to hand over the cab money, which he did. Smalley took additional money from McDougle's pockets. Burdine began questioning McDougle as to whether he possessed a gun. He replied that he did not and began pleading for his life. At that point, Burdine allegedly struck him on the side of the head with the shotgun, chipping his teeth. Smalley then ripped off McDougle's clothes and ordered him to remove his shoes and socks.

As Smalley searched the cab, McDougle was ordered to walk away from the cab. When McDougle was approximately 20 feet away, Burdine shot him in the back of his right, upper thigh. The defendants then fled on foot.

When police officers finally arrived, they found McDougle lying on

the ground near the cab. The injury to McDougle's leg was so severe that one of the officers testified that he could see bone and muscle. McDougle was rushed to a hospital where surgeons were forced to amputate his leg just above the knee.

Defendants were later apprehended and brought to trial. They were indicted for aggravated battery, armed robbery and attempt murder. A jury found them guilty as charged. The trial court entered judgments on the verdicts and merged the aggravated battery convictions· into the attempt murder convictions. Each was then sentenced to serve two concurrent terms of 60 to 100 years in the State penitentiary. Defendants appealed.

The appellate court affirmed the convictions. (*People v. Burdine* (1978), 57 Ill. App. 3d 677, 373 N.E.2d 694.) On appeal to the Illinois Supreme Court, the court reversed the attempt murder convictions, remanded the cause for a new trial, and directed that in the event defendants were not retried for attempt murder or were acquitted of that charge, the trial court should reconsider the sentences imposed for the armed robbery convictions. *People v. Burdine* (1978), 71 Ill. 2d 610.

The State subsequently nol-prossed the attempt murder charges against both defendants. A hearing in aggravation and mitigation was then held prior to the resentencing of defendants on the armed robbery convictions. In aggravation, the trial judge was informed that Smalley had been convicted three times for robbery and once for burglary. The instant offense had been committed only two months after his release from prison. Burdine also had a prior conviction for robbery. He had been released from prison only two weeks prior to the commission of the instant offense. In mitigation, defendants argued that since they were now being sentenced for only the armed robbery, they should receive a lesser sentence than originally rendered. At the conclusion of the hearing, the trial judge again resentenced defendants to 60 to 100 years. Defendants appealed.

On appeal, defendants argue that the trial court improperly considered the reversed convictions for attempt murder when resentencing them for the armed robbery convictions. As a result, they argue that they received an excessive sentence for their armed robbery convictions.

■■■ We disagree. The trial court that hears the evidence in aggravation and mitigation is generally in a better position to make a sound determination in regard to sentencing than is this court and considerable caution should be exercised when disturbing a sentence upon appeal. (*People v. Caldwell* (1968), 39 Ill. 2d 346, 236 N.E.2d 706; *People v. Taylor* (1966), 33 Ill. 2d 417, 211 N.E.2d 673.) When sentencing, the trial court may consider conduct which may be characterized as criminal and unrelated to the facts underlying defendant's conviction, if that evidence

is accurate and reliable. (*People v. McCambry* (1979), 76 Ill. App. 3d 314, 395 N.E.2d 129.) In *McCambry*, the defendant was convicted for the armed robbery of a tavern. In sentencing the defendant for that conviction, we held that it was proper for the trial judge to consider evidence of a CTA robbery allegedly committed by defendant earlier during the night of the tavern robbery.

In the present case, however, there is no evidence to suggest that the trial judge considered defendants' attempt murder convictions. At the resentencing hearing the trial judge stated:

"I sentenced them because its a very vicious armed robbery for two individuals who had been down to the penitentiary before for a similar type of crime, one for robbery and one for armed robbery, and they have been in the criminal justice system * * *."

There was no mention of the attempt murder convictions. The record indicates that the only considerations of the trial judge were defendants' previous convictions for similar offenses and the viciousness of the instant offense. Absent a clear abuse of discretion, we cannot alter the sentence imposed by the trial court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We find no abuse of discretion here, particularly in view of the facts surrounding this case and defendants' criminal records.

For the foregoing reasons, the judgments of the circuit court of Cook County are affirmed.

Judgments affirmed.

O'CONNOR and CAMPBELL, JJ., concur.