(No. 31371.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAURICE MEYER, Plaintiff in Error.

*Opinion filed March 22, 1950.*

MAURICE MEYER, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and Bernard J. Moran, State's Attorney, of Rock Island, (Harry L. Pate, of Tuscola, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Defendant, Maurice Meyer, was indicted by the grand jury of Rock Island County, on February 20, 1933, for the murder of Rose Gendler. He waived jury trial and the cause was heard by the court which, on June 14, 1933, found him guilty of murder as charged in the ninth count of the indictment, and sentenced him to ninety years imprisonment in the penitentiary. Meyer, appearing *pro se,* prosecutes this writ of error which is limited to a review of the common-law record.

The grounds on which he seeks to have the judgment reversed are: (1) That the court erred in placing defendant on trial under an indictment which had been altered, amended, changed and tampered with; that the indictment is not the indictment of the grand jury; and the judgment and sentence under such an indictment are irregular; and (2) that the court deprived him of due process and equal protection of the law, in violation of his State and Federal constitutional rights, by placing him on trial and convicting him under an altered, amended, changed and tampered-with indictment.

The record discloses that the grand jury of the circuit court of Rock Island County, for the January term, 1933, after being properly formed, was reconvened on February 20, 1933. On this date it presented an indictment to the court charging defendant with murder. The indictment contained counts numbered from "one" to "fifteen," with two counts being numbered "ninth." One of them was typed on the same page as the tenth count, and the reverse side of said page contained the eleventh and twelfth counts. This "ninth count" was marked out by having two intersectional diagonal lines drawn through it in ink. A visual

examination indicates an obvious intent to delete this "ninth count" from the body of the indictment, for such count was deficient in that it failed to charge the crime of murder. The other, and undeleted, "ninth count" appears on a separate page of the indictment. There were no other counts on said page or on the reverse side of it, and it was inserted between the pages containing the eighth count, and the page previously described as containing the lined-out "ninth count" and the tenth, eleventh and twelfth counts.

The record shows that defendant, who was represented by experienced and able counsel, was granted a change of venue from one of the judges of the circuit, and after waiving jury trial, consented to trial before one of the other judges of the circuit. Substantial continuances were granted him, presumably for the preparation of his defense. On April 10, 1933, his motion to quash the indictment was heard and allowed as to the third, fourth, fifth, sixth, thirteenth and fourteenth counts. At the close of the evidence heard on the remaining counts, defendant moved for a finding of not guilty on counts seven, eight, nine, ten, eleven and twelve. The motion was allowed as to all of said counts but the ninth, and the court found defendant guilty of murder as charged in that count.

Defendant's position is that the indictment on its face shows that it·was altered, amended, changed or tampered with, and that it was error for the court to proceed under such indictment. A complementary contention is that it is impossible to determine which of the two counts titled "ninth" served as a basis for the finding of guilty. He relies largely on *Ex Parte Bain,* 121 U.S. 1, 30 L. ed. 849, the rationale of which is that under the fifth amendment of the Federal constitution, an indictment, when filed with the court, cannot be changed without resubmission to the grand jury, even as to matters thought immaterial by the court or prosecuting attorney. The holding is based on the premise that the instrument so changed, is no longer the

indictment of the grand jury which returned it. The *Bain case* differs from the instant case in that the alterations there were admittedly made on motion of the government after the indictment had been returned from the grand jury. There is no such showing here. Defendant argues by innuendo that the change or deletion in the present indictment must have been made subsequent to the time it left the grand jury and was presented to the court. We find no similar situation in the decisions of this court, or of the Federal courts. Where the question has arisen the rule appears to be that in the absence of anything appearing on the face of the written indictment, or shown intrinsically, tending to prove that interlineations or erasures were made subsequent to the execution of the instrument, it will be presumed that they were made before or at its execution. (*French* v. *State,* 12 Ind. 671; *Cook* v. *State,* 119 Ga. 108; *Clemmons* v. *State,* 43 Fla. 200; 42 C.J.S. p. 969, sec. 95.) To hold otherwise would be a presumption in favor of fraud and forgery. *Tatum* v. *Catamore,* 16 Q.B. 745.

We find no matter in the present record, nor has defendant called it to our attention, which gives rise to the presumption that the indictment was altered, amended or changed, after it was presented by the grand jury. The painstaking and complete consideration of the indictment made both by the trial court and defendant's counsel in relation to the motion to quash the indictment, and the later motion for a finding of not guilty, to a certain extent gives rise to the belief that there was no irregularity about the deletion and substitution of count nine, and that it was accomplished by the grand jury itself. As such it was the instrument returned by the grand jury, and not subject to defendant's contention or the rule of the *Bain case.*

Nor do we agree with the contention that the condition of the indictment created such confusion that defendant could not properly defend himself, or that it is impossible to tell under which of the two "ninth counts" he was

found guilty. The method used in striking out the deficient count, and substituting another in its place, is one frequently used in amending written instruments, both of a legal and business nature, and is generally understood by all persons. Great niceties and strictness of pleading are countenanced and supported only where a defendant would be surprised on trial, or unable to meet the charge or prepare his defense. (*People* v. *Schnepp,* 362 Ill. 495.) Nothing in the record indicates that defendant was confused or surprised, or that he was not allowed ample time to prepare his defense. It may be presumed, too, that the court, after its close evaluation of the various counts of the indictment, based its finding on the "ninth count" which adequately charged a crime under the law.

We have carefully examined the entire record, and are of the opinion that defendant's State and Federal constitutional rights were not impinged, and that the indictment was legally sufficient. The judgment of the circuit court of Rock Island County is therefore affirmed.

*Judgment affirmed.*