THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY D. HOGUE, Defendant-Appellant.

(No. 71-33;

Fifth District—November 3, 1971.

882

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

C. Glennon Rau, State's Attorney, of Waterloo, for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The Defendant Gary D. Hogue, on October 5, 1970, pleaded guilty in the circuit court of Monroe County to the charge of burglary. On October 23, 1970, following a hearing in aggravation and mitigation, he was sentenced to the penitentiary for a term of from three to ten years imprisonment.

There is but one issue presented for review, that being whether the sentence imposed was excessive in relation to the severity of the crime and the possibility of rehabilitation.

Mrs. Rosella Mae Hosick testified that on September 1, 1970, she had left her home to go to her job as a schoolbus driver when she became suspicious of the defendant's automobile in the neighborhood because of the out-of-state plates. She was concerned with burglary because her home had been burglarized in the preceding year. She then waited a short time and returned to within seeing distance of her home and saw the automobile parked in her drive. She had left one door in her house unlocked because her brother-in-law was to return to the home before she completed her school route. It was through the unlocked door in the garage (the garage door was pulled almost closed) that the defendant entered the home. She notified the police and from the description supplied by Mrs. Hosick the police stopped the car. The defendant and the two others were arrested without resistance. After the defendants were

stopped, Mrs. Hosick identified various items in the car as having been stolen from her home. The stolen property included, among other things, shotguns and a rifle.

On September 4, 1970, an information was filed charging each man with burglary. All three pleaded guilty. One of the defendants whose participation in the offense was limited to acting as lookout received a sentence of sixty days in jail and probation. The other defendant, along with the defendant Hogue, received a sentence of from three to ten years in the penitentiary.

At the hearing in aggravation and mitigation, the following was presented to the court:

Lieutenant Callis of the Columbia Police force testified as to the apprehension of the defendants which occurred without resistance by the defendants after their car had been stopped as they were leaving the area of the burglary.

The next testimony at the hearing came from the Chief Adult Probation Officer of the Circuit, a Mr. Elmer Lacquet. He interviewed the defendants in jail. He stated that the defendants were cooperative and sincere with him and that he believes that they did not lie to him. Also, that the crime contained no elements of violence either in the preparation or in the apprehnseion state. Mr. Lacquet recommended some incarceration for the defendant but refused to be specific as to the length which he might recommend. He also added that there was no animosity or violent tendencies found by him in the defendants.

Defendant Hogue, age 28, was married, now divorced, with one child, a daughter. The ex-wife and child at the time of the hearing were residing in Neelyville, Missouri. The defendant Hogue and the defendant who also received the more lengthy sentence had a previous conviction for disorderly conduct which resulted from the theft of stereos on which restitution was made.

The defendants then called as their first witness, a relative, who had known the defendant all of the defendant's life and testified that he believed that the defendant had a good reputation in the community. The court questioned the witness and elicited the fact that the defendant had not been in the witness' home for two or three years. The witness also indicated that he felt the defendant was a good husband but was unable to give a reason for the defendant's divorce. Following that testimony, the mother of the other two defendants testified that Hogue had at one time boarded with her family and that she considered him a good husband and related how he sent money to his child as often as possible.

The defendant's final witness was a garage owner for whom the de-

fendant had worked. He testified to the effect that the defendant was a good worker and he would rehire him although in the preceding year the garage had only required the defendant's services for 40 to 50 days a year.

The prosecution recommended three to ten years imprisonment for the defendant. The defense urged one to three. Probation was not requested and Hogue did not testify at the hearing.

■■■ There can be no question that this court has the power to reduce the sentence imposed by the trial court. (Supreme Court Rule 615, see Ill. Rev. Stat., ch. 110A, par. 615(b)(4).) There is also a duty upon the court to prescribe penalties which are proportionate to the seriousness of offenses and which permit recognition of the differences in the rehabilitation possibilities around the individual offenders. The legislature has provided that the sentences imposed should be proportionate to the offense and should recognize the philosophy of rehabilitation. Ill. Rev. Stat., ch. 38, par. 1—2(c).

■■■ We are also mindful that the sentences should be reduced only when there is the requisite showing of substantial reason for the reduction. This reviewing court is fully cognizant that the sentencing of the criminal defendant is within the purview of the trial court and that we must proceed with caution to modify the sentence. To modify the sentence it must appear to this court that the sentence imposed clearly departs from the spirit and requirement of the Constitution that the sentence be proportionate to the nature of the offense as well as the possibilities of rehabilitation. (*People v. Cooke* (1969), 117 Ill.App.2d 296, 254 N.E.2d 293; *People v. Turner* (1970), 129 Ill.App.2d 24, 262 N.E.2d 379.) As aptly stated in *People v. Harpole* (1968), 97 Ill.App.2d 28, 289 N.E.2d 471:

"The purpose of modern day penology is the rehabilitation of the offender. That sentence which has the greatest potential of restoring the offender to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safeguarding the public from further offenses is the one which should be imposed."

■■ This Court has set forth those elements with which a determination of the severity of the sentence and the likelihood of rehabilitation can be made. Among the factors which should be considered are youth, lack of violence, good family relations, steady employment and previous criminal record. *People v. Moore* (Ill.App.2d), 272 N.E.2d 270; *People v. Umphers* (Ill.App.2d), 272 N.E.2d 278.

■■ From the facts as set forth above it appears to this Court that, considering all the circumstances as they can be gleaned from the record,

the spirit and intent of the law will be best served by reducing the sentence imposed. The judgment of conviction is affirmed but the sentence is modified to provide for a minimum sentence of 16 months and a maximum sentence of four years.

Judgment affirmed as modified.

MORAN and JONES, JJ., concur.