THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY MACK BROWN, Defendant-Appellant.

(No. 73-93; )

Third District—November 9, 1973.

ALLOY, P. J., concurring in part and dissenting in part.

James Geis, Deputy Defender, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Johnny Mack Brown was indicted for the crime of rape and for burglary with intent to commit rape. After trial by jury in the circuit court of Will County the defendant was found guilty of both crimes, judgments were entered on the verdicts and he was sentenced to a term of not less than 10 years nor more than 30 years for the crime of rape

and for a term of not less than 1 year nor more than 10 years for burglary. The sentences were ordered to be served concurrently.

The victim of the rape was Terry Benson, who testified that on the night of June 24, 1971, she was sitting in the living room of her home when the defendant appeared armed with a gun. He ordered the victim to go into her bedroom and to remove her pants. The victim complied with defendant's orders and while continuing to threaten her with the gun he had sexual intercourse with her. At the time of these acts the defendant was twenty-four years old, married, the father of one child, a Viet Nam veteran and was employed as a guard at the Illinois State Penitentiary. Testimony was adduced during the course of the trial that the defendant stated to a police officer that he had driven by the victim's house; had seen her sitting with her baby and at that time decided he was going to have sexual intercourse with her. He then parked his automobile four or five blocks from the victim's house and walked to the house, which he entered and committed the rape as described by the victim.

The first issue raised by the defendant in this appeal is that it was error to order judgment and sentence on both cimes of rape and burglary with intent to commit rape since the conduct constituting both offenses was one continuous act and transaction.

Our Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 1—7) provides:
> "(m) Consecutive and Concurrent Sentences.
>
> When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses."

The comments of the drafting committee concerning this provision are as follows: "Subsection (m) is intended to codify the holding in People v. Schlenger, 13 Ill.2d 63, 147 N.E.2d 316 (1958) by the implicit converse of the provision stated, i.e., if the offenses resulted from the same conduct the defendant may not be sentenced on both, either concurrently or consecutively." See People v. Stewart (1970), 45 Ill.2d 310, 259 N.E.2d 24.

■■ That the defendant committed the crime of burglary with intent to commit rape is established by the evidence. Without authority he knowingly entered a building with intent to commit therein a felony, to-wit, a rape; however, the question is whether the defendant's conduct in regard to the burglary was "independently motivated or otherwise separable" from the conduct which constituted the offense of rape. We

believe not for it is clear from the evidence that the defendant's conduct was motivated entirely by his intent to rape the victim, Terry Benson. The burglary was a necessary preliminary act in the defendant's overall plan to commit the crime of rape. Without the burglary the rape could never have been committed.

■■ Having determined that the offenses for which the defendant was convicted and sentenced resulted from the same conduct and were not independently motivated we are then confronted with the question as to whether only the sentence imposed on the burglary offense should be vacated or should the conviction and judgment entered thereon for the crime be set aside. The courts of review in our state have differed in their opinions regarding this question. This court has recently held that only one sentence should be imposed, that being one for the greater crime, where both offenses arose from the same conduct; however, the conviction for the lesser offense is not required to be set aside. We refer to the case of *People v. Lilly*, 9 Ill.App.3d 46, 291 N.E.2d 207. In *Lilly* the majority opinion relies upon the cases of *People v. Brown*, 52 Ill.2d 94, 285 N.E.2d 1, and *People v. Russo*, 52 Ill.2d 425, 288 N.E.2d 412. We are not unmindful of the strong dissent filed in the case of *Lilly* but cannot agree that the refusal to set aside the conviction of the lesser offense constitutes multiple punishment when only one sentence is imposed. We are confronted with the intent and purport of that provision of our Criminal Code (Ill. Rev. Stat., ch. 38, par. 1—7(m)) which clearly refers to sentencing. As stated in the dissenting opinion filed in the case of *People v. Lilly*, 9 Ill.App.3d 46, 291 N.E.2d 207, this troublesome issue has not been specifically discussed in Supreme Court decisions and until such time as we receive that court's ruling on this vexatious problem we will adhere to our latest pronouncement on the question and accordingly the convictions for the crime of burglary with intent to commit rape and for the crime of rape will be affirmed. However, the defendant shall be sentenced only for the greater crime of rape, the sentence for the lesser crime should be vacated.

■■ The next issues presented for review by the defendant regard the sentence imposed on the defendant for the crime of rape. It is his contention that in light of our new Illinois Code of Corrections this cause should be remanded for resentencing and that further the sentence of 10 to 30 years in the penitentiary should be reduced since it is excessive for one who has no prior convictions and who is also an excellent subject for rehabilitation. Under the Unified Code of Corrections the crime of rape is a Class I felony and provides (Ill. Rev. Stat., ch. 38, par. 1005—8—1 (c)(2)) that for a Class I felony the minimum term shall be four years unless the court having regard to the nature and circumstances of the

offense and the history and character of the defendant sets a higher minimum. While we concede that at the time of sentencing the trial court could not have been aware of the legislative intent that the minimum sentence should not exceed four years unless other considerations were taken into consideration, it is nevertheless true that the sentence imposed does not violate the provisions of the Code. The court was possessed of a pre-sentence investigation report prepared by the probation department. This report was extensive and covered all relevant material regarding the nature of the offense, the circumstances surrounding it and the history and character of the defendant. The trial court was aware that the defendant committed the crime with the aid of a deadly weapon and that further he was an individual employed by the penal system of our state and consequently should have had an acute awareness of the consequences of committing a crime. Being possessed of such information we cannot conclude that the trial court would have imposed a sentence other than that which was imposed in this case. We do not believe that the passage of the Unified Code of Corrections necessitates a remandment of this case for the purpose of a resentencing hearing for the crime of rape.

We further do not share the defendant's opinion that a sentence of not less than 10 nor more than 30 years in the penitentiary is excessive for the crime of rape which he committed. Where it is contended that the punishment imposed is excessive though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose. (See *People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) We find no such departure in the instant case.

For the reasons stated the judgments of the circuit court of Will County entered upon the defendant's convictions for the crimes of burglary with intent to commit rape and rape are affirmed. The sentence for the crime of burglary with intent to commit rape is, however, ordered vacated while the sentence for the crime of rape is affirmed.

Affirmed as modified.

DIXON, J., concurs.

Mr. PRESIDING JUSTICE ALLOY concurring in part and dissenting in part:

I concur in the above opinion as to the vacation of the sentence for burglary and affirming the sentencing for rape. I believe, however, that until the Supreme Court of Illinois renders a definitive decision in a case such as *People v. Lilly,* 9 Ill.App.3d 46, 291 N.E.2d 207, which is now

pending before such court, that the prior cases have indicated a determination that (where the single sentence principle was involved and both the conviction and sentence for the lesser of the crimes arise from the same conduct as the greater crime) both the conviction and sentence as to the lesser crime should be vacated, with a proviso and condition that the conviction and sentence imposed as to the greater crime must continue to be valid and sustained through the appellate process. *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651; *People v. Short*, 4 Ill.App.3d 849, 281 N.E.2d 785.