THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WARDELL VADEN, Defendant-Appellant.

(Nos. 59765, 59766, cons.;

First District (5th Division)—December 13, 1974.

James J. Doherty, Public Defender, of Chicago (Lawrence J. Czepiel, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendants were convicted of attempt (theft) in violation of section 8—4 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 8—4) after a bench trial and were each sentenced to terms of nine months. Defendant Vaden was granted work release. Both defendants contend that (1) the State failed to prove venue beyond a reasonable doubt, and (2) the complaints were fatally defective.

The following pertinent evidence was adduced at trial. For the State: *Theodore Reineking.*

As he was walking south under a viaduct at or near Cicero and Kedzie Streets in Chicago at about 4:45 P.M. on September 29, 1972, defendants blocked his way. Vaden asked him if he "had a match" and Kearney drew a gun, pointed it at the witness' chest and demanded his wallet. Reineking pushed the gun away and fled across Cicero Avenue yelling to some friends that the defendants had a gun. At that moment, two police officers arrived and arrested the defendants. Reineking identified both defendants at the scene.

*Joseph Dier*

He is a Chicago police officer assigned to the Fifteenth District Tactical Unit. On September 29, 1972, while riding in a vehicle on or near Cicero and Kedzie in Chicago, he observed defendants running and saw defendant Kearney throw a gun onto a nearby railroad embankment. The gun was recovered, Reineking identified the defendants, and they were arrested.

Defendants presented no evidence and defendants were found guilty of attempt (theft).

OPINION

■■ Both defendants contend that the State failed to prove venue beyond a reasonable doubt. They base their contention upon the fact that Cicero and Kedzie Streets, the place where the crime was said to have occurred, actually do not intersect in Chicago. In a criminal case, the State must prove venue beyond a reasonable doubt. Venue is proof of the county in which the crime occurred. (*People v. Pride,* 16 Ill.2d 82,

86, 156 N.E.2d 551, 553-554.) In the instant case, the complaining witness repeatedly testified that the incident occurred in Chicago, Cook County, Illinois. Also, the arresting officer, a Chicago policeman, testified that the arrest took place at the scene of the crime, in Chicago, Cook County, Illinois. Notwithstanding the fact that Cicero and Kedzie do not intersect in Chicago, we believe venue, the county in which the crime occurred, was sufficiently proved here.

Defendant Wardell Vaden next contends that the complaint is fatally defective because it fails to allege that he committed an offense. He points out that he is named in the complaint as the victim of the crime. The complaint alleges that:

> "Wardell Vaden has, on or about 29 Sept 1972 at Cook County Illinois committed the offense of Attempt in that he with intent to commit the offense of theft, attemped to take property from the person of *Wardell Vaden* without his consent and that said property was United States Currency of the value of less than $150.00 USC with the intent to permanently [*sic*] deprive *the said Theodore Reineking* of the use and benefit of said property in violation of Chapter 38 Section 8—4 ILLINOIS REVISED STATUTE AND AGAINST THE PEACE AND DIGNITY OF THE PEOPLE OF THE STATE OF ILLINOIS." (Emphasis added.)

The complaint was signed by Theodore W. Reineking.

■■ In the absence of prejudice, formal defects in a complaint do not justify dismissal of the complaint (Ill. Rev. Stat. 1971, ch. 38, par. 111—5(a)) or reversal of a conviction. (*People v. Jankowski*, 391 Ill. 298, 63 N.E.2d 362; *People v. Gilmore*, 101 Ill.App.2d 447, 243 N.E.2d 473.) In the instant case, considering that Theodore Reineking's name is mentioned in the body of the complaint as the victim of the crime and Reineking signed the complaint, we can only conclude that the simultaneous use of defendant's name in the body of the complaint as the victim of the crime is a misnomer which will not justify reversal. Furthermore, we note that defendant failed to call this formal defect to the trial court's attention either by a motion either to quash the complaint, to dismiss, or in arrest of judgment. In these circumstances, this failure precludes defendant from raising this issue on appeal. (*People v. Day*, 404 Ill. 268, 88 N.E.2d 727.) The defect was waived.

Defendant Harry Kearney also contends that the complaint is fatally defective because it fails to allege that he committed an offense. He points out that the words "of theft" were penciled into the complaint and concludes that they must have been added without defendant's knowledge and without the court's permission. The complaint alleges that:

"Harry Kearney has, on or about 29 Sept 72 at Cooo [*sic*] County Illinois committed the offense of Attempt in that he with the intnet [*sic*] to commit the offense *of theft* attempted to take property from the person of Theodore Reineking *without his consent* and that the said property was less than $150.00 USC, with the intent to permantely [*sic*] deprive the said Theodore Reineking of the use and benefit of said property in violation of Chapter 38 Section 8 4 ILLINOIS REVISED STATUTE AND AGAINST THE PEACE AND DIGNITY OF THE PEOPLE OF THE STATE OF ILLINOIS." (Emphasis added denotes insertions into the complaint in pencil.)

The complaint was signed by Theodore W. Reineking.

■■ In Illinois, insertions or additions in an indictment are presumed to have been made before or at the time of its execution. (See *People v. Meyer,* 405 Ill. 487, 91 N.E.2d 425.) We believe this rule is equally applicable to a complaint. Therefore, the words "of theft" in the instant complaint are presumed to have been added before or at the time the complaint was executed. Furthermore, there is no evidence supporting defendant's conclusion that the insertion was made after trial without his knowledge or the court's permission. Nothing on the face of the complaint supports this conclusion and defendant did not question the validity of the complaint at trial. In these circumstances, the complaint was not fatally defective.

Therefore, the judgments of the circuit court of Cook County are affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.