THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD LUCKEY, Defendant-Appellant.

First District (5th Division) No. 61695

Opinion filed December 23, 1975.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant was found guilty of murder in a jury trial and sentenced to a term of 75 to 150 years. On appeal, he contends that he was not proven guilty beyond a reasonable doubt because the evidence presented against him was entirely circumstantial and there ;was a reasonable hypothesis consistent with his innocence; or, if properly convicted, that the sentence of 75-150 years was excessive.

A conviction based upon circumstantial evidence will be reversed where there remains a reasonable hypothesis consistent with the innocence of the defendant. (*People v. Magnafichi*, 9 Ill.2d 169, 137 N.E.2d 256; *People v. Wilson*, 400 Ill. 461, 81 N.E.2d 211.) However, in a circumstantial evidence case, the triers of fact are not required to search out possible explanations compatible with innocence and elevate them to the status of reasonable doubt. (*People v. Huff*, 29 Ill.2d 315, 194 N.E.2d 230.) The hypothesis must somehow be supported by the evidence. *People v. Ibom*, 25 Ill.2d 585, 185 N.E.2d 690.

██ Here, the evidence was circumstantial, but we do not believe it supports a hypothecation of innocence. Lee Greenwald testified for the State that he was driving in a southerly direction on Lake Shore Drive at about 5:15 or 5:30 a.m. When he approached the vicinity of 1900 North Lake Shore Drive, he observed a police car and another automobile parked facing him in the opposite (or northbound) emergency island. He saw a man standing beside the driver's window of the police car and observed a civilian car, initially parked behind the police car, pull abreast of the police car and then move one or two car lengths in front of it. At this point, he heard three shots and saw the flashes "right at the squad car door" where the man was standing. Another witness, Davoold Vikeli, testified for the State that he was a passenger in a car and first noticed the police car a few blocks in front of them after they had passed over a small hill. He observed a man standing beside the

policeman's window. He then saw this man turn and walk away from the police car. At the same time, another car accelerated away from the scene at a fast speed. At this moment, the policeman put his hand out of the window and began shooting. The man who had been walking away was shot, fell to the road, and started to crawl underneath the police car. The officer got out of the police car holding his neck and collapsed.

When Mr. Greenwald approached the fallen officer, he saw a man lying in the grass about a foot or two from the police car, waving a gun. (The man shot by Officer Wenzel was identified as the defendant.) When the arresting officer approached him, he said, "[D]on't shoot, it wasn't me, it was some other black dude, he went that way (pointing north) in a 1972 Dodge."

A ballistics expert testified that the bullet that killed Officer Wenzel was fired from the gun found next to defendant. It was also shown that defendant owned this gun. A trail of live ammunition was found leading from the place where the man shot by Officer Wenzel first fell to the place where defendant was lying when apprehended. At the hospital, more ammunition of the same type was found in defendant's trousers, and a later search of defendant's bedroom revealed still more ammunition and expended casings of the same type.[1] A ballistics test on some of these spent casings revealed that they too had been fired by the gun used to kill Officer Wenzel.

Although no witness identified defendant as the assailant, the evidence compellingly connects him to the crime. The trajectories of the bullets which struck Officer Wenzel and the absence of external damage to his car indicated that he was shot through the open window on the driver's side. Only one person was seen standing next to this open window when the shots were fired. This person was wounded while fleeing, fell to the pavement and began to crawl under the police car. A man was seen lying wounded in the grass behind the squad car, waving a gun. When other police officers arrived, defendant was found behind the police car, wounded, with a trail of ammunition leading from the spot where the man had fallen when shot by the officer. The murder weapon was found next to defendant's body, and no other person was observed on foot in the vicinity of the squad car. This evidence does not lend itself to a reasonable hypothesis consistent with the innocence of defendant. It appears to us that the only reasonable conclusion from the record is that Officer Wenzel was shot by the man seen standing beside his open window and that this man was the defendant. In short, we find no merit in

---

[1] The search was apparently permitted by defendant's wife. In any event, its legality is not questioned here.

defendant's contention that he was not proven guilty beyond a reasonable doubt.

Defendant next contends that his sentence of 75 to 150 years is excessive and should be either reduced or the cause remanded for resentencing. He feels that the court considered only the nature of the crime in imposing the sentence and did not consider his potential for rehabilitation, as required by the Illinois Constitution. Ill. Const. 1970, art. 1, § 11.

■■ The Unified Code of Corrections provides that the minimum term of imprisonment for murder shall be 14 years unless the court, having regard for the nature and circumstances of the offense and the history and character of defendant, sets a higher term. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(1).) The sentence here is within the limits set by the Code, and the record reflects that the trial judge did consider defendant's prior criminal record and his present paraplegic condition in imposing sentence.

■■ In further support of his contention that his sentence should be reduced, defendant asserts that it exceeds his probable life expectancy and is thus not indeterminate as required by the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(a).) We reject this contention, noting that the sentence imposed is both authorized by statute (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1)and comparable to sentences upheld for other murders. (*People v. Robinson,* 59 Ill.2d 184, 319 N.E.2d 772 (50-100 years); *People v. Allen,* 56 Ill.2d 536, 309 N.E.2d 544, *cert. denied,* 419 U.S. 865, 42 L.Ed.2d 102, 95 S.Ct. 120 (100-200 years); *People v. Nicholls,* 44 Ill.2d 533, 256 N.E.2d 818 (100-150 years); *People v. Lane,* 23 Ill.App.3d 287, 319 N.E.2d 90 (60-75 years); *People v. Newbury,* 22 Ill.App.3d 1, 316 N.E.2d 559 (50-150 years).) We further note that defendant is not deprived of his opportunity for parole by the sentence, as he argues here. Under section 3—3—3(a)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—3(a)(1)), defendant will be eligible for parole when he has served "20 years less time credit for good behavior," and under administrative regulation No. 813 of the Department of Corrections, Adult Division, good behavior could result in his eligibility for parole within 11 years, 3 months.

■■ The standard of review where a sentence imposed is within statutory limits is whether the trial court exercised proper discretion. (*People v. Garth,* 31 Ill.App.3d 716, 334 N.E.2d 359.) For us to modify it, the sentence must clearly depart from the spirit and requirement of the Constitution that the punishment imposed reflect both the nature of the offense and the possibilities of rehabilitation. (*People v. Hogue,* 1 Ill.App. 3d 881, 275 N.E.2d 193.) From the facts set forth above, it does not

clearly appear that the trial court considered only the nature of the offense and not the likelihood of defendant's rehabilitation.

For the reasons stated, we do not believe the trial court abused its discretion in imposing sentence.

The judgment is affirmed.

Affirmed.

BARRETT, P. J., and DRUCKER, J., concur.