THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JACK DAVID GUINNIP, Defendant-Appellant.

Fourth District   No. 13459

Opinion filed June 24, 1976.—Rehearing denied July 21, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant appeals the sentences imposed following his conviction of the separate offenses of rape and intimidation. These offenses did not arise out of the same conduct but occurred approximately 2 hours apart. The trial court, on the rape conviction, sentenced defendant to an indeterminate term and fixed the minimum sentence at 10 years and the maximum term at 25 years. On the intimidation conviction the trial court sentenced the defendant to an indeterminate term fixing the minimum at 3 years and the maximum at 9 years. The sentences were ordered to run concurrently. The defendant contends that these sentences constitute an abuse of trial court discretion.

Factually it appears that at approximately 10 to 11 p.m., on October 8, 1974, defendant approached a female student, on the campus of a university, who was returning from a late night class. He first asked her for the time, then grabbed her by the arm and dragged her into the bushes. Once in the bushes, defendant forced his victim to submit to sexual intercourse. The victim testified that since defendant's gestures indicated that he was carrying a concealed weapon, she did not resist. At no time was any weapon produced. During the actual performance of the crime, defendant asked his victim if she wished him to ejaculate outside of her body so to avoid pregnancy. At her request, defendant did so. After the crime had been committed, the defendant told his victim that he was "no good" and begged her forgiveness.

The events constituting the intimidation occurred 2 hours later in the same general vicinity. Defendant approached and stopped another female student and produced a knife and forced his victim between two buildings away from the lighted walkway. Defendant then forced his victim to touch his genitals. After doing so, the victim, upon her demand, was released. Neither of the victims were physically injured outside the context of the crimes herein described.

At the sentencing hearing, the trial court was advised that the defendant, after 5 years of service, had been discharged from the Champaign, Illinois, police department by the Board of Fire and Police

Commissioners of that city, for conduct and actions which were extremely detrimental to the discipline and efficiency of the police department. These violations consisted of three separate efforts by the defendant to date young, attractive females after stopping them for traffic violations.

The sole issue presented for review is the length of the minimum sentences imposed for rape and intimidation. Defendant contends that the trial court abused its discretion and imposed excessive terms in not giving the statutory minimum of 4 years for rape (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(2)), and 1 year for intimidation (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(4)). Defendant argues that the minimum sentences were excessive in light of his behavior, the nature and circumstances of the offense, his lack of prior criminal convictions, and the lack of aggravating circumstances, other than his dismissal from the police force. Defendant further argues that the sentences give no recognition to the concept of rehabilitation. Defendant suggests that all of those considerations would be best served by the imposition of the statutory minimums.

■■ This court has the power under Supreme Court Rule 615(b)(4) to review and reduce sentences imposed by a trial court (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4)). Reviewing courts, however, should use considerable care, caution, and circumspection when exercising this power, and should use it when and only when there exists a substantial reason for doing so. (*People v. Morgan*, 59 Ill. 2d 276, 319 N.E.2d 764; *People v. Payne*, 33 Ill. App. 3d 713, 341 N.E.2d 735; *People v. Petty*, 33 Ill. App. 3d 183, 337 N.E.2d 249.) Absent a clear showing of a great departure from fundamental law, its spirit and purpose, an appellate court should not modify a sentence imposed by a trial court. (*People v. Taylor*, 33 Ill. 2d 417, 211 N.E.2d 673; *People v. Dukett*, 33 Ill. App. 3d 863, 338 N.E.2d 487.) The standard of review for modification of a sentence is whether the trial court exercised proper discretion in the imposition of the sentence. (*People v. Luckey*, 35 Ill. App. 3d 179, 341 N.E.2d 112.) Absent a finding of abuse of discretion, an appellate court will not substitute its judgment for that of the trial court. (*People v. Gama*, 33 Ill. App. 3d 869, 338 N.E.2d 583.) The rationale is that the trial judge ordinarily has a superior opportunity to evaluate witness credibility and to determine and appraise any aggravating or mitigating factors and to make a sound determination of the punishment to be imposed. *Morgan; Taylor; Petty.*

■■ In using its discretion to determine the penalty for an offense, the trial court must view the seriousness of the offense, and also must consider the possibility of restoring the defendant to useful citizenship. (Ill. Const. 1970, art. II, §11; *People v. Jones*, 36 Ill. App. 3d 491, 344 N.E.2d 40; *People v. Hogue*, 1 Ill. App. 3d 881, 275 N.E.2d 193.) In this

context, the Illinois legislature has promulgated the standard that the statutory minimum sentence shall be used unless the court, having regard for the nature and circumstances of the offense and the history and character of defendant sets a higher minimum sentence. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(2), (4).) Reviewing courts have found justification for reducing the length of a particular imposed minimum sentence when the punishment imposed is not necessary for the protection of society (see, *e.g., People v. Morse,* 33 Ill. App. 3d 384, 342 N.E.2d 307), or when the sentence imposed severely diminishes the possibility of the defendant's rehabilitation (see, *e.g., People v. Pantoja,* 35 Ill. App. 3d 375, 342 N.E.2d 110; *People v. Ike,* 7 Ill. App. 3d 75, 286 N.E.2d 391).

In the closely analogous case of *People v. Brown,* 15 Ill. App. 3d 205, 303 N.E.2d 465, the reviewing court refused to lower the sentence of not less than 10 years but not more than 30 years for a defendant convicted of rape. The court held that when the totality of the circumstances, including defendant's law enforcement employment and the nature of the crime, were taken into consideration the imposition of the sentence was not an abuse of discretion and not excessive despite defendant's lack of prior criminal conviction. See also *People v. Alexander,* 11 Ill. App. 3d 782, 298 N.E.2d 355.

■■ The record indicates that the trial court considered the length of the sentences in terms of the protection of society, the nature and seriousness of the offense, and the aggravating and mitigating factors indicative of the possible future conduct of the defendant. Although defendant was 43 years old, married, and had no prior criminal convictions, the potentially violent nature and circumstances of the crime, and defendant's history and sexual background, adequately demonstrate that the trial court did not abuse its discretion.

For the reasons stated, the judgments and sentences of the trial court for the crimes of rape and intimidation are hereby affirmed.

Judgments and sentences affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.