THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEVEN RAY STONE, Defendant-Appellant.

Fourth District   No. 13949

Opinion filed March 24, 1977.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Donald R. Parkinson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

The sentence, "I cannot praise him too highly" can have opposite connotations: commendation or condemnation.

Stone contends that the evidence at his trial is analogous: the evidence infers guilt, but it also allows a reasonable hypothesis of innocence. We, however, find no such balance in the record on which to overturn the jury

verdict. And defendant's contention of error in the admission of his statement to a police officer also falls short.

Thus, we affirm.

Steven Ray Stone was charged and convicted by a jury of the aggravated battery of Officer Dennis Garrett in the Macon County Jail. One evening, about 10 p.m., Officer Garrett went to open a door from the jail bullpen to the cell block area in order to let the cleanup crew return to their cells. Garrett noticed that Stone was outside his cell, and, upon questioning, defendant stated he left his blanket in the bullpen. Stone was the only inmate outside a cell on Garrett's right side while the cleanup crew, including Russell Johnson and Ed Carter, were to Garrett's left and on the other side of the door. Garrett opened the door and was hit on the right side of his head before the cleanup crew entered the cell block area. The officer turned to his right, grabbed Stone by the hair, and the two fell to the floor. Garrett received a golf-ball-size bump on the right side of his head and a two- to three-inch cut on his left arm from the incident. Although he did not see Stone swing at him, Garrett believed Stone hit him. Inmate Johnson saw Stone at the doorway just before the incident holding a piece of broom stick and something resembling an ice pick. A piece of broom stick and a screw driver were found on the floor area where the scuffle occurred. Johnson didn't see defendant swing at Garrett. Testimony by Johnson also revealed that after the incident, Johnson saw Ed Carter pull a broom stick from his clothes; Carter, however, did not hit Garrett.

Over defense objection, Officer Richard Bright testified that seven days after the incident he was in defendant's cell removing flammable jail property when defendant volunteered that "[i]f he [Stone] got sent to Vandalia or anything happened there would be one dead cop and that he didn't hurt him, just a few scratches." Bright did not know who Stone was referring to in the statement. Defendant rested without offering any evidence. Following a guilty verdict by the jury, Stone was sentenced to 3 to 9 years.

■■ The first issue we address is the admission of Stone's statement to Officer Bright. The statement came a week after the incident and only four or five days after the information was filed. The statement showed: (1) apprehension of a prison sentence from some act; (2) if Stone were sentenced, he would blame a "cop"; and (3) a description of the victim's injuries. The trial court felt that there was sufficient connection between the statement and facts in evidence about the incident to allow its admission.

We agree. In *People v. Herkless* (1935), 361 Ill. 32, 196 N.E. 892, the defendant, charged with involuntary manslaughter, made some comments two days after the incident to others. The court stated:

"It is argued that the conversation related by Adams did not pertain to the collision which caused Gerber's death * * *. * * * As the statements of defendant to these two witnesses were only acknowledgements of facts tending to establish guilt and were not in the nature of a confession they were competent and properly admissible." (361 Ill. 32, 41, 196 N.E. 829.)

Likewise, Stone's statement acknowledged some of the salient facts of the incident.

Defendant cites *People v. Newbury* (1972), 53 Ill. 2d 228, 290 N.E.2d 592, and urges that the statement was erroneously admitted due to the "unproved assumption" that the statement referred to the incident in question. The case, however, is distinguishable. In *Newbury,* the State, in order to support its theory of a disagreement between the engaged couple which led to murder, introduced a torn photo of the defendant which was in his deceased fiancee's boudoir dresser drawer. The court stated that the photo's admissibility depended on three unproved assumptions (as to who tore the picture, when it was torn, and for what reason) and that, lacking further proof, the photo should have been excluded. In the instant case, however, defendant himself volunteered the statement, the context and content of which were reasonably connected to the prior week's incident. No error in admission occurred.

We come then to the reasonable doubt issue. Defendant contends that the evidence allows a reasonable hypothesis of innocence in that Garrett testified that upon grabbing Stone no broom handle or screw driver was in Stone's hand and that other inmates, Carter in particular, could have hit Garrett.

■■ The general rule is that circumstantial evidence is sufficient to convict; unless there are circumstances contradicting the reasonable inferences and conclusions drawn by the jury from such circumstantial evidence, the determination should not and cannot be disturbed. (*People v. James* (1974), 24 Ill. App. 3d 112, 320 N.E.2d 20.) The jury in a circumstantial evidence case is not required to search out possible explanations compatible with innocence and elevate them to the status of reasonable doubt. *People v. Luckey* (1975), 35 Ill. App. 3d 179, 341 N.E.2d 112; see also *People v. Lenker* (1972), 6 Ill. App. 3d 335, 385 N.E.2d 807.

At oral argument, defendant tendered *People v. Townsend* (1975), 27 Ill. App. 3d 101, 326 N.E.2d 417, in support of his position that he was not proven guilty beyond a reasonable doubt. *Townsend* does not help defendant's cause. The court in *Townsend* found reasonable doubt existed in a situation factually distinct from the case at bar. In *Townsend,* there was no direct evidence defendant was at the scene of the crime; here, Stone was the only person on Garrett's right. The *Townsend* court

felt defendant's statements at the police station, even if true, did not prove he committed the crime of criminal damage to property on the days alleged. Here, Stone's statement elucidated many facts about the incident. On these signal distinctions, *Townsend* is not compelling.

■■ The evidence in this case, taken as a whole, supports the jury verdict of guilty. Although no one specifically saw defendant strike Garrett, Stone was the only person on Garrett's right within striking distance at the time the blow was delivered. Ed Carter, in particular, would have been on the other side of the door and on Garrett's left side at the time Garrett received the blow to the right side of his head. Possible weapons were seen in defendant's hands just before the incident. Whether Stone hit Garrett with the broom stick or with his bare hands is not determinative; the jury was correctly instructed that they could find Stone guilty of aggravated battery if they found Stone caused Garrett bodily harm and knew Garrett to be a peace officer engaged in official duties (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(6)). Defendant's later statement supplied further inculpatory inferences.

On the record before us, this court will not overturn the jury verdict.

Affirmed.

GREEN. P. J., and TRAPP, J., concur.