THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORRIS LEE SMITH, Defendant-Appellant.

Fifth District    No. 79-311

Opinion filed October 23, 1980.—Rehearing denied December 11, 1980.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley and Gaye Bergschneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Norris Lee Smith, was convicted of the offense of forgery by a jury in the circuit court of Madison County and was sentenced to a five-year term of imprisonment. Defendant contends on appeal: (1) that venue was not proved beyond a reasonable doubt; and (2) that the trial court erred in denying his motion to suppress an alleged post-arrest statement and in compelling defendant to provide handwriting exemplars.

At approximately 1:30 on the afternoon of December 20, 1978, a woman presented a prescription to Joseph Kube at the pharmacy counter in Reese's Drug Store in Granite City, Illinois. The prescription, which was dated December 18, 1978, aroused the suspicion of Kube, a registered pharmacist, prompting him to inform the woman that he would have to "check on" the prescription. It was drawn up on a form from Barnes Hospital, located in St. Louis, Missouri, and bore the name of a physician unknown to Kube. As he looked through a telephone directory for the physician's name, Kube noticed the woman leave the store. He went to the front of the store and observed her enter an automobile. He wrote down the license plate number and relayed it to the police by telephone.

At approximately 2 p.m. a woman in an automobile, with Missouri license plates, matching the description supplied by Kube was detained in the parking lot of a nearby K-Mart store. In addition to the woman, who was in the driver's seat, defendant and two small children were in the

automobile. The woman, defendant and the children were transported back to Reese's Drug Store, where Kube was able to identify the woman as the person who handed him the prescription. The woman was then placed under arrest. Defendant was asked to accompany an officer back to the K-Mart parking lot to witness a search of the automobile. The search was conducted with the woman's consent.

When defendant arrived at the parking lot, he placed the remains of a sandwich he had been eating into a brown paper bag he had been carrying and threw the bag into a garbage receptacle. The bag was retrieved by the officer conducting the vehicle search. Defendant was placed under arrest when the officer discovered that the bag contained prescription forms.

At the police station defendant was advised of his *Miranda* rights by Officer Craig Nonn. Defendant indicated to Officer Nonn that he had gotten the prescription forms "from a dude at Barnes" and that they had been "already filled out" at the time of receipt. After the interrogation was terminated, Officer Nonn completed the booking procedure and obtained several handwriting exemplars from defendant. The exemplars and the prescription form presented at the drug store were shown to defendant by Detective Sergeant Don Knight. At this point defendant stated that he had written the prescription.

On December 21, 1978, defendant was charged by an information with the offense of forgery in violation of section 17—3(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 17—3(a)(1)). The information states in pertinent part:

> "NORRIS LEE SMITH on the 20th day of December, 1978 at and in the County of Madison, in the State of Illinois, committed the offense of *FORGERY* in that said defendant, with the intent to defraud, knowingly made a document apparently capable of defrauding another, in the [*sic*] it purported to have been made by another, Dr. Hyde, said document being a prescription form of Barnes Hospital for 90 tablets of Pyribenzamine, dated 12-20-78, issued to Edward Young, and signed as maker Dr. Hyde knowing said document to have been thus made in violation of Paragraph 17—3(a)(1) Chapter 38, Illinois Revised Statutes * * *."

The information was supplanted on February 16, 1979, by an amended information alleging December 18, 1978, as the date of the making.

Trial was held on May 8, 1979, and the prosecution presented the testimony of Stephen McKasson, an Illinois Department of Law Enforcement documents examiner. McKasson testified that defendant had written the words "Edward Young" on the prescription form based on his comparison of the prescription form from Reese's Drug Store with the handwriting exemplars of defendant provided by the prosecution. He

was not able to state positively that the defendant had written any of the balance of the prescription.

The jury returned a verdict finding the defendant guilty of forgery, and, on July 3, 1979, the court imposed a five-year term of imprisonment on the defendant.

Defendant contends on appeal that venue has not been proved beyond a reasonable doubt, thereby necessitating a reversal of his conviction.

Under the charging document defendant is accused of violating section 17—3(a)(1) of the Criminal Code of 1961. This section provides:

> "(a) A person commits forgery when, with intent to defraud, he knowingly:
>
> (1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; or * * *."

The information by which defendant was charged in the case at bar alleges that the offense of forgery was committed by defendant in Madison County, Illinois. Defendant asserts that the averment with respect to venue is a material element of the offense, and, as such, it must be proved beyond a reasonable doubt. Defendant contends that since the State chose to prosecute him for knowingly making a document apparently capable of defrauding another (section 17—3(a)(1)) rather than for knowingly delivering such a document (section 17—3(a)(2)), the element of venue can only be satisfied upon proof that he actually made the prescription in Madison County. Defendant asserts that no such proof, direct or circumstantial, was made at trial. We agree.

■■ In *People v. Allen* (1952), 413 Ill. 69, 76, 107 N.E.2d 826, 829, our supreme court declared:

> "It is uncontroverted that the charge that a crime was committed in a particular county is a material averment and must be proved to sustain a conviction. [Citation.]"

As with any other element of a crime, venue must be proved beyond a reasonable doubt (*People v. Kubulis* (1921), 298 Ill. 523, 131 N.E. 595; *People v. Vaden* (1974), 25 Ill. App. 3d 187, 323 N.E.2d 18), and the proof may be supplied by direct or circumstantial evidence. (*People v. Clark* (1956), 9 Ill. 2d 400, 137 N.E.2d 820, *overruled on other grounds by People v. Watkins* (1960), 19 Ill. 2d 11, 166 N.E.2d 433; *People v. Toellen* (1978), 66 Ill. App. 3d 967, 384 N.E.2d 480.) If the latter type of proof is employed, the facts relied on to establish the offense must be such that "the only rational conclusion which can be drawn is that the offense was committed in the county alleged." *People v. Clark*, 9 Ill. 2d 400, 406, 137 N.E.2d 820, 824.

■■ As defendant correctly notes, the State's decision to proceed under section 17—3(a)(1) requires proof that defendant actually made the prescription in Madison County before the venue charged can be established. The record of trial is devoid of any direct evidence pertaining to defendant's whereabouts when the prescription form was executed. Therefore, venue can be sustained only by resorting to circumstantial evidence.

The State places particular emphasis on the delivery of the prescription in Madison County and relies on *People v. Church* (1937), 366 Ill. 149, 7 N.E.2d 894, *People v. Adams* (1921), 300 Ill. 20, 132 N.E. 765, and *People v. McIntosh* (1909), 242 Ill. 602, 90 N.E. 180, for the proposition that the trier of fact may infer that a document was made in the county in which it was delivered. The State further contends that the issue of venue was properly resolved by the trial court with the aid of evidence not introduced at trial. The State further suggests that *People v. McClain* (1978), 60 Ill. App. 3d 320, 376 N.E.2d 774, holds that a question of venue need be submitted to the jury only where it is a controverted issue in the case. The State reasons that since defendant did not tender jury instructions on the issue, venue was not in controversy and therefore was a matter to be decided by the trial court. The State asserts that the trial court did in fact decide the issue when, at the close of the State's evidence, it denied defendant's motion to dismiss for failure to prove venue. The State argues that the decision is supported by evidence considered by the trial court at a pretrial hearing where defendant sought to suppress other prescription forms which were discovered in the brown paper bag discarded by defendant and later obtained by the police as evidence. One of the prescription forms was not signed, and other forms were dated differently. The State argues that these irregularities in the prescription forms suggest that defendant had not prepared all the forms in advance in Missouri and that the forms were being completed at the time and place of delivery. *People v. Dennison* (1978), 61 Ill. App. 3d 473, 378 N.E.2d 220, is relied upon by the State as authority for the proposition that this court may consider the entire record when reviewing the trial court's decision with respect to venue rather than limit our review to the record at trial.

■■ We find the State's contention untenable for two reasons. First, we do not adopt the State's interpretation of *People v. McClain*. The court in *McClain* held that when the evidence raises a question of the propriety of venue, a tendered instruction must be given indicating that the State is required to prove beyond a reasonable doubt that each element of the offense charged occurred in the county in which the crime was alleged to have been committed. In *McClain*, the court concluded that such an

instruction tendered by defendant should have been given but that the error was harmless because the evidence at trial established venue beyond a reasonable doubt. The court did not say, however, that the issue of venue is to be resolved by the trial court where such an instruction is not warranted by the evidence. Regardless of whether instructions are required to be tendered, venue is to be decided by the trier of fact, the jury in the case at bar, whenever it is a material element of the offense. Secondly, the State asserts that the trial court conclusively decided that venue was established when it denied defendant's motion for a directed verdict at the close of the State's evidence. Apart from the question as to whose duty it was to make this determination, the court's denial of the motion was not dispositive of the issue. It is immaterial whether the import of the ruling was that the trial court found that venue was established by the evidence or that there was some evidence suggesting venue so as not to preclude the jury as trier of fact from deciding the issue. The evidence at trial did not establish that the alleged forgery was committed in Madison County, Illinois, in either event.

We find the present case distinguishable from *People v. Church*, *People v. Adams*, and *People v. McIntosh*, relied upon by the State. In each of these cases, the evidence established that the defendant personally delivered the forged document in the county where the offense was alleged to have been committed. No such evidence exists in the case at bar. The only evidence concerning the delivery of a forged document is that a woman presented a prescription to Mr. Kube in Reese's Drug Store in Madison County, Illinois. Thus, the inference could not be drawn that the prescription was made in Madison County by defendant because it was ultimately delivered in the county by him.

Defendant points to several facts established at trial as militating against a finding that he made the prescription in Madison County. Defendant notes that the prescription originated in a hospital in Missouri and was dated December 18, 1978, two days prior to any evidence of his presence in the State of Illinois. Defendant also adds that he is a Missouri resident and was apprehended by the police while sitting in a vehicle with Missouri license plates. In the face of this evidence, he asserts that his association with the woman who presented the prescription and his presence in her car should be afforded little weight.

■■ As we have stated, circumstantial evidence is sufficient to establish venue. The court in *People v. Stone* (1977), 46 Ill. App. 3d 729, 731, 361 N.E.2d 330, 332, considered the sufficiency of circumstantial evidence and stated:

> "The general rule is that circumstantial evidence is sufficient to convict; unless there are circumstances contradicting the reason-

able inferences and conclusions drawn by the jury from such circumstantial evidence, the determination should not and cannot be disturbed."

In the instant case, defendant's presence in the automobile of the woman who attempted to make use of the forged prescription, together with his actions in attempting to dispose of the partially completed prescription forms, are indicative of his complicity in the scheme to obtain a controlled substance by the use of a forged prescription. However, lacking is evidence establishing that he "knowingly made a document apparently capable of defrauding another" in Madison County, Illinois. Absent, also, is any charge that he took part in the attempt to deliver such document. We conclude, therefore, based on the charge and the evidence adduced at the trial, that venue has not been proved beyond a reasonable doubt in the case at bar.

Having found that proof of venue was lacking, it is unnecessary that we discuss defendant's remaining assignment of error.

For the foregoing reasons, defendant's conviction and sentence in the Circuit Court of Madison County are reversed.

Reversed.

JONES, P. J., and HARRISON, J., concur.