THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VINSON E. NASH, Defendant-Appellant.

Third District    No. 3—90—0295

Opinion filed November 27, 1991.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

A jury convicted the defendant, Vinson E. Nash, of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)). The trial court subsequently sentenced him to six years' imprisonment. The defendant appeals, arguing that the State failed to show the offense occurred in Peoria County, as it was required to do to convict him. We affirm.

Initially, we note the State argues that this court does not have jurisdiction over the defendant's appeal because he failed to file a motion to vacate his guilty plea before appealing. The State notes that following his conviction, the defendant filed a motion for a new trial. He thereafter entered into a negotiated plea agreement with the State in which he agreed to withdraw his motion for a new trial, plead guilty in a separate case, waive his right to a sentencing hearing, and receive two concurrent six-year sentences. Due to this chain of events, the State contends that the defendant was required to file

a Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) motion to withdraw his guilty plea before he could appeal.

We do not agree with the State's position. Rule 604(d) is entitled "Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty." (134 Ill. 2d R. 604(d).) The rule speaks only of examining defects related to the guilty plea proceedings. (134 Ill. 2d R. 604(d).) Further, the reasoning behind Rule 604(d) is that the trial court is in the best position to engage in any fact finding necessary for correcting errors in the guilty plea proceedings. *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.

Here, the defendant was convicted by a jury. Though he later pled guilty to a second offense and his plea affected his sentence for the first offense, his plea was generally unrelated to his first conviction. Further, his appeal centers only on the issue of whether the State proved during the jury trial one of the elements of the crime. Since a Rule 604(d) hearing is limited to issues regarding the propriety of the guilty plea, it would have been a questionable method for addressing the current venue issue. Moreover, requiring the defendant to file a motion to vacate in this case would be a radical extension of Rule 604(d) never intended by the supreme court and unforeseeable to competent counsel. In this regard, we note that when the trial court admonished the defendant regarding the need to file a motion to withdraw his guilty plea prior to appealing, it only told him he needed to do so if he wished to challenge his guilty plea in the second case or if he wished to ask for a sentencing hearing in this case. It made no mention of filing a motion to withdraw if he wished to challenge the jury conviction.

We recognize that by agreeing to withdraw his motion for a new trial, the defendant arguably was agreeing that his first conviction was error-free. However, this is unrelated to our jurisdiction. Instead, it is a waiver issue and, in fact, the State raises it as such. We find this question of whether the defendant agreed not to contest his jury conviction a much closer issue than the State's jurisdiction argument. However, we also find it unnecessary to address the question at this time, since, in any event, we find no merit to the defendant's argument on appeal.

Proof that a crime was committed in a particular county is a material element of a criminal offense. (*People v. Allen* (1952), 413 Ill. 69, 107 N.E.2d 826.) While proof of venue may be supplied by either direct or circumstantial evidence, where the latter type of proof is employed, the evidence must be such that the only rational conclusion which can be drawn is that the offense was committed in the county

alleged in the charging document. *People v. Smith* (1980), 91 Ill. App. 3d 242, 414 N.E.2d 751.

In *People v. Pride* (1959), 16 Ill. 2d 82, 156 N.E.2d 551, the supreme court held that evidence that the crime occurred at 8900 S. Anthony Avenue was sufficient to establish venue. The court noted that when people are referring to a street within the city in which they live, they commonly refer only to the street. Conversely, when they are referring to a street in a different city, they will also name the city.

Here, an undercover Peoria police officer testified that when he purchased cocaine from the defendant he was on Washington Street in the Taft Homes just past the first housing building. Given the officer's employment by the City of Peoria, his reference to a well-known Peoria housing project, and his reference to a specific street in that project, the only rational conclusion which can be drawn is that the officer was referring to Washington Street in Peoria. Accordingly, we find that the State proved the venue element.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.